**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-2317**

Harvey Ray Dupey, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 27, 2014**
**Affirmed**
**Smith, Judge**

Ramsey County District Court
File No. 62-K2-07-002520

Erik I. Withall, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John A. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

**S Y L L A B U S**

        A stay of adjudication on a felony offense constitutes a sentence under Minn. Stat. § 590.01, subd. 4(a)(1), which triggers the two-year time limit for postconviction petitions.

# OPINION

**SMITH**, Judge

We affirm the district court's summary denial of appellant's petition for postconviction relief because appellant's filing was untimely.

## FACTS

On February 27, 2009, the district court stayed adjudication, placing appellant Harvey Ray Dupey on probation for five years following a guilty plea to the felony offense of fifth-degree controlled-substance crime. On May 24, 2011, the district court revoked the stay of adjudication following Dupey's guilty pleas to first-degree aggravated robbery, two misdemeanors and his admission to violations of the terms of his probation. The district court imposed and executed a 13-month prison sentence for the fifth-degree controlled-substance conviction.

On May 23, 2013, Dupey petitioned the district court for postconviction relief, requesting that he be allowed to withdraw his guilty plea in light of newly discovered evidence of deficiencies at the laboratory that police had used to test the substance that Dupey possessed in 2008. On October 10, 2013, the district court summarily denied the petition, ruling that it was untimely under Minn. Stat. § 590.01.

## ISSUE

Does a stay of adjudication on a felony offense trigger the two-year time limit for filing petition for postconviction relief?

## ANALYSIS

Dupey argues that the district court erred by determining that his postconviction petition was untimely because the two-year time limit as set forth in Minn. Stat. § 590.01 did not begin to run until the district court entered a judgment of conviction in 2011. This presents a question of statutory interpretation, which we review de novo. *Swenson v. Nickaboine*, 793 N.W.2d 738, 741 (Minn. 2011).

Dupey contends that the district court erroneously measured the time period for his postconviction petition from the date of the district court's stay of adjudication rather than from the entry of judgment. Minn. Stat. § 590.01, subd. 4 (2012) mandates that "[n]o petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." The Minnesota Supreme Court has previously held that this subdivision is "clear and free from all ambiguity" and therefore must be construed "according to its plain language." *Sanchez v. State*, 816 N.W.2d 550, 556 (Minn. 2012) (quotation omitted).

The plain language of the statute creates two trigger points for the beginning of the two-year time limit on postconviction petitions. Which trigger point applies depends solely on whether a direct appeal is filed. When a direct appeal is filed, the two-year time limit for a postconviction petition is triggered when the appellate courts complete the disposition of the direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2). When no direct appeal is filed, the two-year time limit for a postconviction petition begins upon "entry of judgment of conviction or sentence." *Id.*, subd. 4(a)(1). Because Dupey did not file a

3

direct appeal, his time period for filing a petition for postconviction relief began upon entry of judgment of conviction or sentence.

Dupey asserts that, under this statute, "postconviction relief was not available . . . until the revocation of the stay of adjudication." He also asserts that the word "later" in subdivision 4(a) means that "the time limit [is] two years after *the later of* either the entry of judgment of conviction or sentence." But the structure of the statute unambiguously indicates that the word "later" applies only to determine when the two-year time limit is triggered, depending on whether a direct appeal is filed; it does not restart the time period if a judgment of conviction is entered after a sentence is imposed or vice-versa. Although Dupey may be correct that no judgment of conviction can be entered until a stay of adjudication is revoked, a stay of adjudication is in itself a "sentence." *See State v. Wright*, 699 N.W.2d 782, 786 (Minn. App. 2005); *see also State v. Manns*, 810 N.W.2d 303, 303 (Minn. 2005) (mem.) (explicitly endorsing this holding). Because Minn. Stat. § 590.01, subd. 4(a)(1) provides that either a judgment of conviction *or* a sentence triggers the two-year time limit for a postconviction petition, and because the district court stayed adjudication more than four years before Dupey filed for postconviction relief, the district court correctly determined that Dupey's petition was untimely.

## DECISION

Appellant's postconviction petition was untimely because a stay of adjudication on his felony offense is a "sentence" under Minn. Stat. § 590.01, subd. 4 (a) (1), triggering the two-year time limit for filing a postconviction petition.

**Affirmed.**

4