STATE OF MINNESOTA

IN SUPREME COURT

A13-2317

Court of Appeals                                                                 Dietzen, J.


Harvey Ray Dupey,

            Appellant,

vs.                                                                 Filed:  August 5, 2015
                                                                 Office of Appellate Courts
State of Minnesota,

            Respondent.


_____


Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

When an offender receives a stay of adjudication under Minn. Stat. § 152.18, subd. 1 (2014), there is no judgment of conviction or sentence that triggers the 2-year statute of limitations in Minn. Stat. § 590.01, subd. 4(a)(1) (2014).

Reversed and remanded.

O P I N I O N

DIETZEN, Justice.

This case presents the question of whether a stay of adjudication for a felony offense under Minn. Stat. § 152.18, subd. 1 (2014), triggers the 2-year statute of limitations for filing a postconviction petition set forth in Minn. Stat. § 590.01, subd. 4(a)(1) (2014).  Appellant Harvey Ray Dupey filed a postconviction petition more than 2 years after the district court stayed adjudication of his charge of a fifth-degree controlled substance crime, but within 2 years of the date that the district court revoked his stay of adjudication and convicted him.  The postconviction court summarily denied the petition on the ground that it was untimely under Minn. Stat. § 590.01, subd. 4(a)(1), because it was filed more than 2 years after the order staying adjudication.  The court of appeals affirmed.  Because we conclude that a stay of adjudication under Minn. Stat. § 152.18, subd. 1, is not a judgment of conviction or sentence under Minn. Stat. § 590.01, subd. 4(a)(1), we reverse the court of appeals' decision and hold that Dupey's postconviction petition was timely.

I.

On July 13, 2007, Dupey was charged with fifth-degree controlled substance crime for the possession of cocaine, a felony offense, in violation of Minn. Stat. § 152.025, subd. 2(1) (2014).  Dupey pleaded guilty.  On February 27, 2009, the court

2

stayed adjudication of Dupey's case under Minn. Stat. § 152.18, subd. 1,[1] placing him on probation for 5 years. Dupey remained on probation until May 24, 2011, when he admitted to violating the terms of his probation. The district court revoked the stay of adjudication, entered a judgment of conviction, and imposed an executed 13-month sentence for the fifth-degree controlled substance offense.

On May 23, 2013, Dupey filed a petition for postconviction relief, requesting that he be permitted to withdraw his guilty plea under Minn. R. Crim. P. 15.05, subd. 1, and that his conviction be reversed on the following grounds:

> (a) [Dupey's] plea was not accurate where there were insufficient facts in the record to support a conviction; (b) [Dupey's] plea was not voluntary where the plea was impermissibly induced by the prosecutor's misrepresentations that the substance tested positive for cocaine at the [St. Paul Crime Laboratory] and the test was reliable; and/or (c) [Dupey's] plea was not intelligent when he received ineffective assistance of trial counsel, and but for counsel's ineffective representation, [Dupey] would not have pleaded guilty.

---

[1]    Minnesota Statutes § 152.18, subd. 1, permits a district court to stay adjudication of guilt for first-time offenders who are found guilty of or plead guilty to certain controlled substance offenses. If the defendant and the offense meet the specified criteria, the statute authorizes the court to,

> without entering a judgment of guilty and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require and for a period, not to exceed the maximum sentence provided for the violation. . . . Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided.

*Id.* If a defendant completes the probationary period without violating any of the conditions, "the court shall discharge the person and dismiss the proceedings against that person." *Id.* The statute further specifies that "[d]ischarge and dismissal under this subdivision shall be without court adjudication of guilt." *Id.*

Underlying these claims is Dupey's assertion that recently uncovered evidence of deficiencies in the drug-testing protocols at the St. Paul Crime Laboratory invalidate the drug test results referenced in both the complaint and Dupey's plea.

The postconviction court denied the petition without an evidentiary hearing on the grounds that: (1) the petition was untimely under Minn. Stat. § 590.01, subd. 4(a)(1), and none of the exceptions in subdivision 4(b) applied; and (2) Dupey failed to demonstrate a manifest injustice permitting him to withdraw his guilty plea under Minn. R. Crim. P. 15.05. The court of appeals affirmed, holding that a stay of adjudication is a "sentence" under Minn. Stat. § 590.01, subd. 4(a)(1), that triggers the 2-year statute of limitations for filing a postconviction petition. *Dupey v. State*, 855 N.W.2d 544, 546 (Minn. App. 2014). The court of appeals thus concluded that Dupey's petition was untimely because it was not filed within 2 years of the entry of the order staying adjudication. *Id.* We granted review.

## II.

Dupey argues that, under the plain language of Minn. Stat. § 590.01, subd. 4(a), he timely filed his petition for postconviction relief by filing it within 2 years of the district court's revocation of the stay of adjudication and imposition of judgment of conviction. The State counters that Minn. Stat. § 590.01, subd. 4(a), is ambiguous in the context of a stay of adjudication, and that requiring a postconviction petition to be filed within 2 years of a stay of adjudication would effectuate the intent of the Legislature.

Whether a stay of adjudication triggers the 2-year statute of limitations in Minn. Stat. § 590.01, subd. 4(a), presents a question of statutory interpretation that we review

4

de novo. *In re Welfare of J.J.P.*, 831 N.W.2d 260, 264 (Minn. 2013). Our goal in interpreting a statute is to "ascertain and effectuate the intention of the Legislature." Minn. Stat. § 645.16 (2014). The first step is to examine the language of the statute to determine if it is ambiguous. *J.J.P.*, 831 N.W.2d at 264. Statutory language is ambiguous only if, as applied to the facts of the particular case, it is susceptible to more than one reasonable interpretation. *Staab v. Diocese of St. Cloud*, 813 N.W.2d 68, 72 (Minn. 2012). If the statutory language is unambiguous, we must enforce the plain meaning of the statute and not explore the spirit or purpose of the law. *Premier Bank v. Becker Dev., LLC*, 785 N.W.2d 753, 759 (Minn. 2010). But if the statutory language is ambiguous, we may look beyond the language of the statute to ascertain the Legislature's intent. *Id.*

We first turn to the relevant statute. Minnesota Statutes § 590.01, subd. 1, provides that "a person convicted of a crime" may file a petition for postconviction relief. Section 590.01, subdivision 4(a), sets forth the applicable statute of limitations:

> No petition for postconviction relief may be filed more than two years after the later of:
>
> (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or
>
> (2) an appellate court's disposition of petitioner's direct appeal.

Subdivision 4(a)(2) does not apply in this case because there has been no direct appeal. Accordingly, the timeliness of Dupey's petition for postconviction relief is determined by subdivision 4(a)(1), which provides that the 2-year period commences upon "the later of: . . . the entry of judgment of conviction or sentence."

5

A "judgment of conviction must contain the plea, verdict, adjudication of guilt, and sentence." Minn. R. Crim. P. 27.03, subd. 8. When the district court stayed adjudication under Minn. Stat. § 152.18, subd. 1, there was, by definition, no adjudication of guilt. *See* Minn. Stat. § 152.18, subd. 1 (authorizing the district court to defer further proceedings and place a qualifying defendant on probation "without entering a judgment of guilty"); *see also id.* (providing that, if a defendant successfully completes the probationary period, the charge is dismissed "without court adjudication of guilt" and "shall not be deemed a conviction"). Therefore, there could be no "entry of a judgment of conviction" for purposes of Minn. Stat. § 590.01, subd. 4(a)(1), until after the stay was revoked by the district court. *See id.* ("Upon violation of a condition of probation, the court may enter an adjudication of guilty . . . .").

The remaining question is then whether the stay of adjudication was a "sentence" within the meaning of section 590.01, subdivision 4(a)(1). When interpreting a statute, we are guided by the definitions provided by the Legislature. *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013) (citation omitted). If, as here, there is no applicable statutory definition, we give words and phrases their plain and ordinary meanings. *Staab*, 813 N.W.2d at 72; *see also* Minn. Stat. § 645.08(1) (2014). Technical words and phrases, however, "are construed according to [their] special meaning or their definition." *Staab*, 813 N.W.2d at 72 (quoting Minn. Stat. § 645.08(1)).

Both the common and technical definitions of "sentence" refer to the imposition of punishment *following* a criminal conviction or adjudication of guilt. *See The American Heritage Dictionary* 1597 (5th ed. 2011) ("The penalty imposed by a law court or other

6

authority upon someone found guilty of a crime or other offense."); *Black's Law Dictionary* 1569 (10th ed. 2014) ("The judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer."). Neither definition encompasses an order staying adjudication under Minn. Stat. § 152.18, subd. 1, which does not result in an adjudication of guilt or a conviction.[2] *See* Minn. Stat. § 152.18, subd. 1.

Notwithstanding the common and technical meanings of "sentence," the State argues that the word is ambiguous in the context of a stay of adjudication because Minn. Stat. § 590.01 is "completely silent as to the postconviction time limit for that class of criminal defendants who are initially not criminally sanctioned because adjudication is stayed." This argument is without merit. Our rules of statutory interpretation "forbid adding words or meaning to a statute that are purposely omitted or inadvertently overlooked." *Premier Bank*, 785 N.W.2d at 760. But if the statute's silence creates "an

---

[2] The State concedes that Dupey was not convicted within the meaning of Minn. Stat. § 609.02, subd. 5 (2014) (defining "conviction" for the criminal code), when the district court stayed adjudication under Minn. Stat. § 152.18, subd. 1. This concession is consistent with the definition of "conviction" in Minn. Stat. § 609.02, subd. 5, and the language of Minn. Stat. § 152.18, subd. 1. A conviction requires that the court "accept[] and record[]" the guilty plea, guilty verdict, or finding of guilt by the court. Minn. Stat. § 609.02, subd. 5. A guilty plea is "recorded" when the court "*adjudicat[es] the defendant guilty* on the record." *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011) (emphasis added). When adjudication is stayed pursuant to section 152.18, subdivision 1, a guilty plea is not "recorded" because there is, by definition, no adjudication of guilt. *See* Minn. Stat. § 152.18, subd. 1 (authorizing the district court to defer further proceedings and place a qualifying defendant on probation "without entering a judgment of guilty"). Therefore, when adjudication is stayed under section 152.18, there is no conviction.

7

ambiguity of expression resulting in more than one reasonable interpretation of the statute," we may go outside the language of the statute to ascertain legislative intent. *Id.* The fact that section 590.01 does not mention stays of adjudication does not create an ambiguity of expression with respect to the triggering event for the 2-year filing time limit. Section 590.01, subdivision 1, expressly limits the postconviction remedy to "a person *convicted* of a crime." (Emphasis added.) It logically follows that "sentence" in subdivision 4(a)(1) refers to an event that occurs *after* a criminal conviction—a conclusion that is entirely consistent with the ordinary and technical meanings of "sentence."

The State also argues that interpreting "sentence" in subdivision 4(a)(1) to be predicated on a conviction would improperly treat the terms "sentence" and "conviction" as interchangeable, when the Legislature clearly intended them to mean different things by disjoining the terms "judgment of conviction" and "sentence" with the disjunctive term "or." *See* Minn. Stat. § 590.01, subd. 4(a)(1) (referring to "the entry of judgment of conviction or sentence"). But no such problem is created by reading "sentence" to require a conviction in the context of section 590.01. First, the relevant trigger in the statute is the "entry of judgment of conviction," which is different from a "conviction." *Compare* Minn. Stat. § 609.02, subd. 5 (defining "conviction"), *with* Minn. R. Crim. P. 27.03, subd. 8 (defining "judgment of conviction"). *See also State v. Martinez-Mendoza*, 804 N.W.2d 1, 6-7 (Minn. 2011) (explaining when a conviction occurs for purposes of determining when jeopardy attaches in the context of a plea agreement, and noting the difference between a conviction and judgment of conviction). Second, even though there

8

cannot be a "sentence" within the meaning of Minn. Stat. § 590.01, subd. 4(a)(1), without a conviction, the entry of "judgment of conviction" may be temporally separated from sentencing proceedings—providing alternative points in time for triggering the 2-year statute of limitations.

We conclude that when an offender receives a stay of adjudication under Minn. Stat. § 152.18, subd. 1, there is no judgment of conviction or sentence under Minn. Stat. § 590.01, subd. 4(a)(1). Because a section 152.18 stay of adjudication is neither a "judgment of conviction" nor a "sentence" under Minn. Stat. § 590.01, subd. 4(a)(1), the 2-year statute of limitations for filing a petition for postconviction relief did not begin to run when the district court stayed adjudication in this case. Rather, the section 590.01 time bar was triggered only after the stay was revoked, Dupey was sentenced, and the district court entered a judgment of conviction.

Dupey's petition for postconviction relief was therefore timely. On May 24, 2011, the district court revoked Dupey's stay of adjudication, sentenced him, and entered a judgment of conviction. Dupey filed his petition for postconviction relief within 2 years of May 24, 2011. Accordingly, we reverse the court of appeals and hold that the district court erred by concluding that Dupey's petition was time-barred.

III.

The only remaining question is whether Dupey is entitled to an evidentiary hearing on his petition for postconviction relief. The postconviction court must hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding

9

conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014).

The postconviction court determined that Dupey did not allege sufficient facts to entitle him to an evidentiary hearing on his petition, specifically concluding that the record showed that "the manifest injustice standard under [Minn. R. Crim. P.] 15.05 [for withdrawing a guilty plea] has not been met by [Dupey]." The question of whether the postconviction court erred by concluding that Dupey failed to allege facts entitling him to an evidentiary hearing was presented to the court of appeals. The court of appeals, however, did not reach the issue. Accordingly, we remand to the court of appeals for consideration of this issue.

Reversed and remanded.