*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0032**

Ky Antoinette Word, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 13, 2015
Affirmed
Peterson, Judge**

Dakota County District Court
File No. 19HA-CR-08-2857

Cathryn Middlebrook, Chief Appellate Public Defender, Katie Conners, Carol Ann Comp, Assistant Public Defenders, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney, Hastings, Minnesota (for respondent)

        Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**PETERSON**, Judge

Appellant argues that the district court abused its discretion when it denied her postconviction petition seeking relief from her 2009 controlled-substance conviction and refused her request for an evidentiary hearing. We affirm.

**FACTS**

On August 2, 2008, a Burnsville police officer stopped appellant Ky Antoinette Word's car after checking the registration and discovering that the car's owner had an outstanding warrant. The police arrested Word and searched her car. During the search, they discovered the type of pipe commonly used to smoke cocaine, and there was a white residue on the pipe. A preliminary test revealed that the white residue showed a trace of cocaine. A later test by the St. Paul Police Department Crime Lab (SPPDCL) confirmed that the residue was cocaine.

Word was charged with fifth-degree controlled-substance crime and possession of drug paraphernalia. On September 1, 2009, while represented by counsel, she pleaded guilty to fifth-degree controlled-substance crime, and the paraphernalia charge was dismissed. The district court stayed adjudication of the conviction under Minn. Stat. § 152.18, subd. 1 (2008), and placed Word on probation for three years. After Word violated probation in 2010, the district court revoked the stay of adjudication, and, on October 19, 2010, entered a judgment of conviction and stayed imposition of sentence on the condition that Word serve 30 days in jail. Word admitted to another probation violation in 2012; the district court again stayed imposition of sentence on the condition

2

that Word serve 45 days in jail. Word's sentence was executed and she was discharged from probation on February 13, 2013.

On July 18, 2014, Word petitioned the district court for postconviction relief, asking that she be permitted to withdraw her guilty plea. Word argued that systemic problems at the SPPDCL that led to the loss of its accreditation in 2012 provided a basis for postconviction relief. The district court concluded that Word's postconviction petition was untimely and denied the petition without holding an evidentiary hearing. This appeal followed.

**D E C I S I O N**

Under the postconviction-relief statute,

> a person convicted of a crime, who claims that . . . the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state . . . may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate.

Minn. Stat. § 590.01, subd. 1(1) (2014). The petitioner has the burden to prove the facts alleged in the postconviction petition by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (2014). "To meet that burden, a petitioner's allegations must be supported by more than mere argumentative assertions that lack factual support." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

The postconviction court denied Word's petition because it concluded that the petition is barred by the statute of limitations.

3

> We review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion. A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record.

*Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation and citations omitted). We review issues of law de novo and we examine "whether the postconviction court's findings are supported by sufficient evidence." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007); *see also Butala v. State*, 664 N.W.2d 333, 338 (Minn. 2003) (noting that appellate courts "extend a broad review of both questions of law and fact" when reviewing postconviction proceedings (quotation omitted)).

Under the postconviction statute, "[n]o petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2014).[1] Word does not claim that she filed her petition within the two-year limitations period. Instead, she argues that two exceptions to the two-year limit apply to her petition.

The postconviction statute contains five exceptions to the two-year limitations period. Minn. Stat. § 590.01, subd. 4(b) (2014). The question whether an exception permits Word's postconviction petition to be heard is a separate question from whether the substantive claims in Word's petition entitle her to relief. *Gassler v. State*, 787 N.W.2d 575, 582 (Minn. 2010).

---

[1] Because Word did not file a direct appeal, clause (2) does not apply to her case.

Under the statute, a petition may be filed after the two-year limitations period if

> (2) the petitioner alleges the existence of newly discovered evidence, including scientific evidence, that could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition, and the evidence is not cumulative to evidence presented at trial, is not for impeachment purposes, and establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted; . . . or

> (5) the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.

Minn. Stat. § 590.01, subd. 4(b).

*Newly Discovered Evidence*

Based on the premise that the two-year limitations period began running on September 1, 2009, when she received a stay of adjudication, Word argues that "[t]he evidence about the [SPPDCL] is newly discovered evidence that did not come to light until July 2012, after the two year time bar had passed." But, after briefs were submitted and oral arguments were presented to this court in this case, the supreme court held that "when an offender receives a stay of adjudication under Minn. Stat. § 152.18, subd. 1, there is no judgment of conviction or sentence under Minn. Stat. § 590.01, subd. 4(a)(1)," and the two-year statute of limitations for filing a petition for postconviction relief began to run "only after the stay was revoked, [the offender] was sentenced, and the

district court entered a judgment of conviction." *Dupey v. State*, 868 N.W.2d 36, 41 (Minn. 2015).[2]

When Word pleaded guilty on September 1, 2009, she received a stay of adjudication. On October 19, 2010, the stay was revoked, judgment of conviction was entered, and Word was sentenced. Consequently, under *Dupey*, the two-year period for filing a petition for postconviction relief began running in October 2010 and ended in October 2012. Thus, when the evidence about the SPPDCL came to light in July 2012, there were still three months remaining in the two-year limitations period, and, by the exercise of due diligence, the evidence could have been ascertained by Word or her attorney during the two-year limitations period.

Furthermore, even if the two-year period for filing a postconviction petition had begun to run on September 1, 2009, when Word received a stay of adjudication, we are not persuaded that the exception for newly discovered evidence would apply. Under Minn. R. Crim. P. 9.01, subd. 1(4)(a), the prosecutor must, at the defense's request, disclose the results of scientific tests. And, under Minn. R. Crim. P. 9.01, subd. 1(4)(b), the prosecutor must allow a defendant to conduct reasonable tests, or, if an initial test

---

[2] The postconviction court's decision was based on the premise that the two-year limitations period began running on September 1, 2009, when Word pleaded guilty and received a stay of adjudication. We will not reverse a correct decision simply because it is based on incorrect reasons. *See Kahn v. State*, 289 N.W.2d 737, 745 (Minn. 1980) (civil case). In an opinion released on October 27, 2014, this court held that a stay of adjudication triggers the two-year limitations period under Minn. Stat. § 590.01, subd. 4(a)(1), for filing a postconviction petition. *Dupey v. State*, 855 N.W.2d 544, 546 (Minn. App. 2014) *rev'd*, 868 N.W.2d 36 (Minn. 2015). This court's opinion, which was reversed by the supreme court, could not have affected Word's decision to file her petition because the opinion was released after Word filed her petition.

6

might preclude any further tests, the prosecutor must give the defendant notice and opportunity so that a qualified expert may observe the initial test. Finally, under Minn. R. Crim. P. 9.01, subd. 2(1), a defendant may bring a motion asking the district court to require the prosecutor "to assist the defendant in seeking access to specified matters relating to the case that are within the possession or control of an official or employee of any governmental agency." Matters relating to Word's case include the laboratory procedures at the SPPDCL.

In an August 8, 2008 demand for disclosure, Word demanded disclosure of all matters set forth in rule 9.01. The demand for disclosure also requested in-person testimony of all analysts who performed tests, the results of which the state intended to introduce as evidence at trial. It is not clear from the record whether the state made the disclosures that Word demanded, but the transcript for Word's guilty-plea hearing demonstrates that, instead of challenging the state's evidence, which she had a right to do, Word gave up her right to challenge the evidence when she pleaded guilty. Word has not shown that the discovery procedures available to her under rule 9.01 could not have been used to ascertain the deficiencies at the SPPDCL within two years after she received a stay of adjudication. *See Roberts v. State*, 856 N.W.2d 287, 291 (Minn. App. 2014) (on similar facts, denying postconviction petition for failure to exercise due diligence), *review denied* (Minn. Jan. 28, 2015).

Also, the evidence about deficiencies at the SPPDCL did not specifically pertain to the testing of the residue on the pipe found in Word's car and could only be used for impeachment purposes. *See Pippitt v. State*, 737 N.W.2d 221, 227-28 (Minn. 2007)

7

(stating that evidence that attacks the credibility of trial testimony is impeaching in nature and does not provide a basis for a new trial). Finally, the SPPDCL evidence does not clearly and convincingly establish that Word was innocent of the offense for which she was convicted. "[T]o satisfy the newly-discovered-evidence exception, the newly discovered evidence must establish actual innocence. Actual innocence is more than uncertainty about guilt. Instead, establishing actual innocence requires evidence that renders it more likely than not that no reasonable jury would convict." *Roberts,* 856 N.W.2d at 292 (quotation omitted). The SPPDCL evidence showed that there were deficiencies in its testing procedures, but it did not establish actual innocence by showing that the residue on the pipe found in Word's car was not cocaine. The newly-discovered-evidence exception does not apply to Word's petition.

*Interests of Justice*

The supreme court has "made clear" that "the interests-of-justice referred to in [Minn. Stat. § 490.01,] subdivision 4(b)(5)[,] relate to the *reason* the petition was filed after the 2–year time limit in subdivision 4(a), not the *substantive claims* in the petition." *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012). "In other words, the interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not the *substance* of the petition." *Id*.

Word argues that the reason she did not file a petition during the two-year limitations period is that the evidence about the SPPDCL was not available until July 2012. But under *Dupey*, the end of the limitations period in subdivision 4(a) did not occur until October 2012, which means that when the evidence came to light in July

8

2012, Word still had until October 2012 to file her petition. Thus, the fact that the evidence was not available until July 2012 did not cause Word to miss the deadline in subdivision 4(a).

Furthermore, even if the two-year period for filing a postconviction petition had begun to run on September 1, 2009, when Word received a stay of adjudication, we are not persuaded that the interests-of-justice exception would apply. In order for the interests-of-justice exception to apply, Word must establish that her "petition is not frivolous and is in the interests of justice." *Gassler*, 787 N.W.2d at 585-86. "A petition is frivolous if it is perfectly apparent, without argument, that the petition is without merit." *Id.* at 586. It is perfectly apparent that Word's argument that the evidence about the SPPDCL was not available until July 2012 is without merit. As we have already discussed, the discovery procedures available to Word under Minn. R. Crim. P. 9.01 could have been used to discover the deficiencies at the SPPDCL, but, instead of using those procedures, Word waived her right to challenge the state's evidence and pleaded guilty. Consequently, the interests-of-justice exception does not apply to Word's petition.

Because Word did not file her petition within the two-year limitations period under Minn. Stat. § 590.01, subd. 4(a)(1), and none of the exceptions to the two-year limitation under Minn. Stat. § 590.01, subd. 4(b), applies to Word's petition, the postconviction court did not abuse its discretion by denying the petition as untimely without holding an evidentiary hearing.

**Affirmed**.