*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0517**

Mackenzie Leigh Meier, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 23, 2015
Affirmed
Stauber, Judge**

Dakota County District Court
File No. 19HA-CR-11-2982

Cathryn Middlebrook, Chief Appellate Public Defender, Katie Conners, Special Assistant
State Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney,
Hastings, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Kirk, Judge; and Willis,

Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**STAUBER**, Judge

Appellant challenges the summary denial of her petition for postconviction relief, arguing that (1) the district court abused its discretion by concluding that her petition was time-barred; (2) she should be permitted to withdraw her guilty plea based on newly discovered evidence, a *Brady* violation, due-process violations, manifest injustice, and ineffective assistance of counsel; and (3) she is entitled to an evidentiary hearing. We affirm.

## FACTS

In September 2011, appellant Mackenzie Meier was charged with possession of a controlled substance in the fifth degree. The complaint alleged that during a routine traffic stop, a Hastings police officer heard the sound of breaking glass after he observed appellant throw "an object out the passenger side window of the vehicle." The complaint also alleged that the officer later retrieved a glass pipe that was tested and determined to contain .09 grams of methamphetamine.

On September 26, 2011, appellant pleaded guilty to possession of a controlled substance in the fifth degree. The district court stayed adjudication of the matter and placed appellant on probation for three years. But after appellant violated the terms of her probation, the district court filed an amended order on October 3, 2012, revoking the stay of adjudication and sentencing appellant to a stay of imposition under Minn. Stat. § 609.135 (2014).

In July 2012, the St. Paul Police Department Crime Laboratory (SPPDCL) came under public scrutiny and was the subject of a *Frye-Mack* hearing in an unrelated Dakota County District Court case. Independent reviews of the SPPDCL indicated problems in the laboratory protocols and testing procedures. In light of the problems at the SPPDCL, appellant filed a postconviction petition on July 18, 2014, arguing that she should be allowed to withdraw her guilty plea or be granted an evidentiary hearing because (1) the deficient SPPDCL testing is newly discovered evidence; (2) the state violated *Brady v. Maryland* by not disclosing the deficient testing; (3) the state violated appellant's due-process rights by using unreliable scientific evidence to obtain the guilty plea; (4) appellant's guilty plea was not accurate, voluntary, or intelligent; and (5) she received ineffective assistance of counsel. Appellant claimed that although her petition was filed more than two years after her sentence, her petition was timely because it met the newly discovered evidence and the interests-of-justice exceptions to the statutory two-year time bar.

The district court denied appellant's petition without an evidentiary hearing, concluding that the petition is time-barred and fails on the merits. This appeal followed.

## D E C I S I O N

An appellate court reviews a summary denial of postconviction relief for an abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

3

## I.

Appellant challenges the district court's conclusion that her postconviction petition is time-barred. A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2014). But, recently, our supreme court held that "[w]hen an offender receives a stay of adjudication under Minn. Stat. § 152.18, subd. 1 (2014), there is no judgment of conviction or sentence that triggers the 2-year statute of limitations in Minn. Stat. § 590.01, subd. 4(a)(1)." *Dupey v. State*, 868 N.W.2d 36, 37 (Minn. 2015). Instead, the section 590.01 time-bar is triggered "only after the stay [is] revoked," the offender is sentenced, and the district court enters a judgment of conviction. *Id.* at 41.

Here, because appellant received a stay of adjudication after pleading guilty on September 26, 2011, the section 590.01 time-bar was not triggered on that date. Rather, under *Dupey*, the two-year time-bar began to run on October 3, 2012, when the stay of adjudication was revoked and the district court sentenced appellant to a stay of imposition under Minn. Stat. § 609.135. Because appellant filed her postconviction petition on July 18, 2014, less than two years after the district court revoked the stay of adjudication and stayed imposition of appellant's sentence, the district court erred by concluding that appellant's postconviction petition was time-barred under section 590.01.

## II.

Appellant argues that the "deficiencies" at the SPPDC "should allow her to withdraw her plea based on" (1) a manifest injustice; (2) ineffective assistance of

4

counsel; (3) newly discovered evidence; (4) a *Brady* violation; and (5) a due-process violation. But "[a] guilty plea by a counseled defendant has traditionally operated . . . as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Jeffries*, 806 N.W.2d 56, 64 (Minn. 2011). Because appellant had counsel and entered a guilty plea, she waived all non-jurisdictional arguments in her postconviction petition. Therefore, the only substantive arguments raised by appellant that were not waived by her guilty plea consist of her manifest-injustice and ineffective-assistance-of-counsel claims.

## A.     Manifest injustice

A court must allow a defendant to withdraw her guilty plea when "necessary to correct a manifest injustice." Minn. R. Crim. P. 15 .05, subd. 1. A manifest injustice occurs if a guilty plea is not valid because it is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Appellant argues that her guilty plea was not (1) accurate; (2) voluntary; or (3) intelligent.

### 1.     Accurate

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Here, appellant pleaded guilty to fifth-degree possession of a controlled substance. Appellant's signed plea petition demonstrates that she was not making any claim that she was innocent. She also admitted at the plea

5

hearing that she possessed the glass pipe containing methamphetamine and that she knew the substance in the pipe was methamphetamine. These facts meet the accuracy requirement.

### 2. Voluntary

A plea is voluntary if the defendant's will was not overborne at the time she pleaded guilty in response to improper pressures or promises. *See State v. Farnsworth*, 738 N.W.2d 364, 374-75 (Minn. 2007). Appellant argues that her plea was involuntary because the test results from the SPPDCL improperly pressured her to plead guilty. We disagree. Appellant never requested to investigate the SPPDCL reports, nor did she dispute that the substance in her possession was methamphetamine. Moreover, appellant acknowledged at the plea hearing that no one was forcing her to plead guilty, and that she had not been promised anything outside the parameters of the plea agreement. Thus, appellant is unable to demonstrate that she was improperly pressured or coerced into pleading guilty.

### 3. Intelligent

A plea is intelligent if a defendant understands "the charges against him, the rights he [was] waiving, and the consequences of his plea." *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). Appellant claims that her plea was unintelligent because she did not know about the testing deficiencies at the SPPDCL, she did not understand the scope of her right to challenge the evidence, and did not know that she was waiving this right by pleading guilty. But at the plea hearing, appellant acknowledged the charges against her and that she was pleading guilty to fifth degree possession of methamphetamine, a

6

controlled substance. Appellant also stated that her attorney informed her of the rights she was waiving and that she would not have any other opportunity to object to the evidence presented by the state. Therefore, the record reflects that appellant understood the charges against her, the rights she was waiving, and the consequences of her guilty plea. Because appellant's guilty plea was accurate, voluntary, and intelligent, she is not entitled to withdraw her plea.

**B.    Ineffective assistance of counsel**

To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate "(1) that [her] counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances. *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001).

Appellant contends that her "attorney did not act reasonably in light of all the circumstances because the attorney did not demand and review the underlying [SPPDCL] file in her case." But this court rejected an identical argument in *Roberts v. State*, 856 N.W.2d 287, 293 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). As in *Roberts*, there is nothing in the record indicating that appellant ever questioned the validity of the test results. Appellant also has failed to cite any evidence that would have

given her attorney a reason to believe that the substance in her pipe was not methamphetamine and, therefore, to question the validity of the SPPDCL test results. Moreover, appellant has not shown that a reasonably competent defense attorney exercising customary skills and diligence in a controlled-substance case would have demanded the SPPDCL file before the discovery of the SPPDCL's deficiencies. *See State v. Vang,* 847 N.W.2d 248, 267 (Minn. 2014) (stating that the reasonableness of counsel's conduct is judged in view of the facts at the time of the conduct). And finally, appellant's claim that her trial counsel was ineffective for failing to investigate the test results is considered a part of trial strategy, which this court generally does not review. *See Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (stating that "[t]he extent of counsel's investigation is considered a part of trial strategy," which is generally not reviewable). Therefore, appellant is unable to establish that she was denied the effective assistance of counsel.

## III.

Finally, appellant argues that the district court abused its discretion by denying her petition without an evidentiary hearing. We disagree. When a petition for postconviction relief is filed, "the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues" "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014); *see Erickson v. State*, 842 N.W.2d 314, 318 (Minn. 2014). The threshold standard for an evidentiary hearing is lower than that for a new trial; "[a]ny doubts about whether to conduct an evidentiary hearing should be resolved in

8

favor of the defendant seeking relief." *Nicks*, 831 N.W.2d at 504. The district court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

Here, appellant never challenged the lab results or claimed that the substance in the glass pipe was not methamphetamine. Instead, she pleaded guilty to the charged offense, admitting that the substance she possessed was methamphetamine. Appellant has also failed to make any connection between the problems at the SPPDCL and the testing of the evidence in her case. Accordingly, appellant cannot demonstrate that the district court abused its discretion in denying her request for an evidentiary hearing.

**Affirmed.**