**Carrol Thomas HARKNESS, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–03–439–CR.

Court of Appeals of Texas, Fort Worth.

May 13, 2004.

Rehearing Overruled June 10, 2004.

Publication Ordered June 24, 2004.

Avery McDaniel, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, C. James Gibson, Arthur Clayton, Asst. Criminal Dist. Attys., for State.

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

**MEMORANDUM OPINION**[1]

DIXIE W. HOLMAN, Justice.

Appellant Carrol Thomas Harkness appeals from his conviction by a jury for unlawfully carrying a weapon, a Class A misdemeanor. The court assessed Appel-

---

1. *See* TEX.R.APP. P. 47.4.

lant's punishment at 365 days' confinement in the Tarrant County Jail, and a $1,000 fine; imposition of sentence was suspended and Appellant was placed on community supervision for 24 months. We affirm.

## BACKGROUND

Appellant and Marzelle Harkness were married for 32 years prior to their divorce, which Marzelle acknowledged was "bitter." During their marriage, Appellant was not disabled but after the divorce he began using a wheelchair in April 2001. On December 13, 2002, Appellant called Marzelle where she worked at the Haltom City Animal Hospital. During the phone call, Appellant said he had a gun and threatened to shoot out the windows of the office and the cars that were in the parking lot because Marzelle had not returned a bronze statue to him. Appellant sounded very irate and emotional. When Appellant drove into the parking lot of the animal hospital, Marzelle called "911" because Appellant kept telephoning her office from the parking lot and he sounded hysterical.

Officers Williams and Reed responded to Marzelle's "911" call. They approached Appellant's truck and asked him whether he had a weapon, and he said he did. He told the officers several times to "go ahead and shoot me." When asked where the weapon was, Appellant said the weapon was under the passenger's seat of the pickup. The officers located a .357 caliber, six-round handgun that was four to six inches underneath the front of the passenger's seat, just to the passenger's side of the transmission on the floorboard, three and a half feet from where Appellant was sitting. The front seat where Appellant was sitting was a bench seat with a center console, and Officer Williams testified that it is possible that Appellant could have reached the gun from where he was sitting. The gun was in a holster and the

officers also found a box of ammunition. Appellant's truck was equipped for someone who does not have the use of his legs and in the back of the truck was a crane-type device that appeared to be holding a wheelchair. Officer Reed testified that Appellant was capable of moving his hands and arms.

## SUFFICIENCY OF THE EVIDENCE

In two points on appeal, Appellant contends the evidence is legally and factually insufficient to support his conviction because the evidence demonstrates that Appellant could not have reached the weapon without materially changing his position; therefore, the weapon was not on or about his person.

Section 46.02 of the penal code provides that a person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun. TEX. PENAL CODE ANN. § 46.02 (Vernon 2003). The jury was instructed that "about his person" means "near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it." *See Christian v. State*, 686 S.W.2d 930, 933–34 & n. 9 (Tex.Crim.App.1985) (holding that weapon found directly underneath and protruding from under driver's seat where appellant had been sitting was "on or about his person," i.e., "within such distance of appellant that he could get his hands on it without materially changing his position").

Appellant acknowledges that the interior of an automobile generally qualifies as "on or about the person," but he asserts the evidence is insufficient in the instant case because his handicapped condition would have prevented him from reaching the gun.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Burden v. State*, 55 S.W.3d 608, 612 (Tex.Crim.App. 2001). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim.App.1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

The court of criminal appeals has recently restated and clarified the standard of review to be used by appellate courts in reviewing the factual sufficiency of the evidence to support a conviction. In *Zuniga v. State*, the court held:

There is only one question to be answered in a factual sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? However, there are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Second, there may be both evidence supporting the verdict and evidence contrary to the verdict. Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand. This standard acknowledges that evidence of guilt can "preponderate" in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. Stated another way, evidence supporting guilt can "outweigh" the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

No. 539–02, —— S.W.3d ——, ——, 2004 WL 840786, at *7 (Tex.Crim.App. Apr.21, 2004).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required. *Johnson v. State*, 23 S.W.3d 1, 12 (Tex.Crim.App.2000). A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

We have previously detailed all the evidence regarding whether the gun was located "on or about Appellant's person" inside his truck. The police officers testified that Appellant was driving a truck that was equipped for a handicapped person, and Appellant's ex-wife acknowledged that Appellant was disabled and used a wheelchair. Appellant did not testify at trial. Officer Williams stated that the handgun was located four to six inches underneath the front of the passenger's seat on the floorboard, three and a half feet from where Appellant was sitting. The front seat where Appellant was sitting was a bench seat with a center console. Officer Reed testified that Appellant was capable of moving his hands and arms, and Officer Williams testified that it is possible that Appellant could have reached the gun from where he was sitting. Having re-

viewed all the evidence, we conclude the evidence established that the gun was located within such distance of Appellant that he could get his hands on it without materially changing his position. *See Flores v. State*, 895 S.W.2d 435, 445–46 (Tex.App.-San Antonio 1995, no pet.) (holding evidence of guns found in unlocked console beside the driver's seat and in paper bag behind the driver's seat was sufficient to show guns were within appellant's easy reach, thus satisfying the "on or about the person" element of crime of unlawfully carrying a weapon).[2] Accordingly, we find the evidence legally and factually sufficient and we overrule both of Appellant's points on appeal.

### CONCLUSION

Having found the evidence is legally and factually sufficient to support Appellant's conviction, we affirm the judgment of the trial court.

---

**2.** *See also Hendricks v. State*, No. 05–01–00323–CR, 2002 WL 1981361, at *1–2 (Tex. App.-Dallas Aug.29, 2002, pet. ref'd) (not designated for publication) (holding evidence sufficient to show weapon was "on or about" appellant's person when officer found handgun beneath flap of carpet behind passenger seat of appellant's car, and officer testified handgun was within arm's reach of appellant when he was seated in driver's seat).