

# NUMBER 13-14-00582-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JIMMY L. LOER JR.,                                                                 Appellant,

v.

CITY OF NIXON,                                                                      Appellee.

## On appeal from the 25th District Court
## of Gonzales County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Jimmy Loer Jr. filed suit alleging appellee City of Nixon terminated his employment as a police officer in violation of the Texas Whistleblower Act.  *See* TEX. GOV'T CODE ANN. §§ 554.001–.010 (West, Westlaw through 2015 R.S.).   The trial court granted the City's plea to the jurisdiction and dismissed Loer's claim.   By three issues, which we address as one, Loer argues that the trial court erred in granting the City's plea

to the jurisdiction because he established the elements of his Whistleblower claim. We affirm.

## I. BACKGROUND

Loer's original petition and the evidence presented to the trial court reveal the following. Loer was employed by the City of Nixon Police Department as a police officer. During a two-year period of employment,[1] Loer reported the following "illegal actions" by the chief of police to the chief of police himself and to city council members: (1) traffic tickets being "fixed"; (2) "evidence being destroyed"; (3) "falsifying government records (F-5's)"; and (4) "the Chief 'double dipping' by getting paid by a third party company."

Following his report, Loer alleges he received "several reprimands that were either unwarranted or that were improperly investigated." First, Loer claims that he was suspended for changing the "Facebook status of an officer," even though he did so "through the direction of the Chief." Loer was subsequently placed on administrative leave followed by desk duty for "allegedly hurting" someone when responding to a call, even though, as Loer maintains, he "followed proper protocol in restraining [the individual]." Later, Loer was "called in by the Chief to his office" and confronted about a meeting between Loer and an acquaintance, "Mr. Regalado." "The Chief then told [Loer] that his employment was being terminated because Mr. Regalado had complained that [Loer] had said he wanted to get Mr. Regalado's [underage] daughter pregnant." After he was terminated, he expressed concerns to the city attorney regarding his termination.

---

[1] Loer was employed by the City of Nixon from May 2009 to March 2010 and again from May 2012 to March 2014. Loer's Whistleblower action relates to his period of employment from 2012 to 2014.

Loer asserts that the City terminated his employment in retaliation for reporting violations of the law. The City filed a plea to the jurisdiction arguing that Loer failed to bring a proper claim under the Whistleblower Act because Loer did not report violations of the law to the appropriate law enforcement authority. Loer filed a response which included his affidavit and the City's responses to requests for admissions. The trial court granted the plea to the jurisdiction and dismissed Loer's claim. This appeal followed.

## II. DISCUSSION

By his sole issue, Loer argues the trial court erred in granting the City's plea to the jurisdiction because: (1) Loer's pleading stated sufficient facts to establish the elements of his Whistleblower cause of action; (2) the trial court applied the wrong standard of review; and (3) there is a question of fact regarding whether Loer's report of a violation of law to the chief of police was reasonable.

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, we conduct a de novo review of a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

3

The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally in favor of the plaintiff, and unless challenged with evidence, we accept all allegations as true. *Miranda*, 133 S.W.3d at 226–27. A plea to the jurisdiction may be granted without allowing the plaintiff to amend if the pleadings affirmatively negate the existence of jurisdiction. *Ramirez*, 74 S.W.3d at 867.

A trial court can consider evidence as necessary to resolve disputed jurisdictional facts, even if the evidence implicates both the subject-matter jurisdiction of the court and the merits of the case. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Bland*, 34 S.W.3d at 555. Where the jurisdictional issues and accompanying evidence implicate the merits of the case, a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion. *Garcia*, 372 S.W.3d at 635. If the record raises a fact question that requires addressing the merits of the case in order to resolve jurisdiction, the trial court should deny the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question, the court rules on jurisdiction as a matter of law. *Id.*

## B.    Applicable Law

The Texas Supreme Court has long recognized that sovereign and governmental immunity, unless waived, protects the State of Texas and its subdivisions from lawsuits for damages, absent legislative consent to sue. *See Miranda*, 133 S.W.3d at 224. The

4

Whistleblower Act contains a provision waiving sovereign immunity to the extent of liability for authorized relief. TEX. GOV'T CODE ANN. § 554.0035 (West, Westlaw through 2015 R.S.); *State v. Lueck*, 290 S.W.3d 876, 881–82 (Tex. 2009). To demonstrate the trial court's jurisdiction over an asserted Whistleblower claim, a plaintiff must allege a violation of the Act and not merely reference it. *Lueck*, 290 S.W.3d at 882 ("Mere reference to the . . . Act does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court") (quoting *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). Therefore, the elements of a Whistleblower claim "must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act and fall within" the waiver of immunity from suit provided by section 554.0035. *Lueck*, 290 S.W.3d at 884; *see* TEX. GOV'T CODE ANN. § 554.035.

Under the Whistleblower Act, a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, an employee who makes a good faith report to an appropriate law enforcement authority that the entity or another employee has violated the law. TEX. GOV'T CODE ANN. § 554.002(a); *see City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Lueck*, 290 S.W.3d at 878. The Whistleblower Act requires a claimant to show that he in "good faith" reported a violation of law to an "appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002; *see also Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002) (providing that the good-faith inquiry requires both a subjective and objective good-faith belief by the employee). An appropriate law enforcement authority is a part of a state entity that the employee in good faith believes is authorized (1) to regulate under or to

enforce the allegedly violated law, or (2) to investigate or prosecute a violation of criminal law. TEX. GOV'T CODE ANN. § 554.002(b); *see Univ. of Houston v. Barth*, 403 S.W.3d 851, 857 (Tex. 2013).

## C. Analysis

We first address Loer's argument that he has established the elements of a Whistleblower claim. The parties do not dispute that Loer's report of violations of the law to the chief of police were in reference to the chief's own alleged violations. Loer also concedes that his report to city council members and his later report to the city attorney following his termination were not reports to an appropriate law enforcement authority. *See City of Elsa*, 325 S.W.3d at 628 (explaining that the city council was not the appropriate law enforcement authority because it could not regulate or enforce alleged violation of the law); *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000) (determining that reports made after an adverse employment action cannot support a Whistleblower claim). Accordingly, we agree with Loer that the primary issue in this appeal is "whether or not [Loer's] report of a violation of law by [the] Chief of Police . . . to the *Chief of Police* was a report to the appropriate law enforcement authority under the Texas Whistleblower Act." (Emphasis added.)

In *County of Bexar v. Steward*, the San Antonio Court of Appeals addressed a very similar issue, which the court framed as follows: "whether an experienced sheriff's deputy who complains in a personal grievance to his direct supervisor, who is a law enforcement official, about actions taken by his direct supervisor has in good faith reported a violation of the law to an appropriate law enforcement authority." 139 S.W.3d

6

354, 361 (Tex. App.—San Antonio 2004, no pet.). Steward, a Bexar County Sheriff's deputy with nine-years' experience, filed a personal grievance with his supervising officer, Lt. Bill White, which he argued was a report of the supervising officer's own violation of the law (abuse of official capacity). *Id.* at 356–58. Steward was later demoted for failing to comply with an order given by White. *Id.* at 357. Steward filed suit against Bexar County pursuant to the Whistleblower Act and alleged that the grievance he filed with his supervisor constituted a report to an appropriate law enforcement agency. *Id.*

On appeal, the court reversed the trial court's denial of Bexar County's plea to the jurisdiction and held that "the personal grievance filed by Steward was not a report filed in good faith with an appropriate law enforcement authority." *Id.* at 361. The court noted that Steward had previously reported violations (by a non-public entity) to the Texas Rangers by filing an information report with the Sheriff's Department. *Id.* at 358, 361. Rather than doing the same regarding his supervisor's alleged violations, the court noted that Steward instead filed a personal grievance with his supervisor, and did "not propose that White investigate or prosecute [his own] violation of the criminal law or otherwise enforce the law alleged to be violated."

The court in *Steward* discussed *Huffman v. Office of Personnel Management*, 263 F.3d 1341 (Fed. Cir. 2001), a federal circuit court of appeals opinion involving an action under the federal Whistleblower Protection Act of 1989 ("WPA"). One of the issues presented in *Huffman* was "whether complaints to a supervisor about the supervisor's wrongful conduct constitute disclosures under the [WPA]." *Id.* at 1344. The *Huffman* court concluded that an employee is not making a "disclosure" of misconduct if the

7

employee reports the misconduct to the wrongdoer, reasoning that "[i]f the misconduct occurred, the wrongdoer necessarily knew of the conduct already because he is the one that engaged in the misconduct." *Id.*

In *Rogers v. City of Fort Worth*, 89 S.W.3d 265 (Tex. App.—Fort Worth 2002, no pet.), the Fort Worth Court of Appeals also discussed *Huffman.* In *Rogers*, a deputy marshal was terminated after he reported a violation of a city ordinance by another deputy in the form of an interoffice correspondence. *Id.* at 273. Relying on *Huffman*, the City of Fort Worth argued that the deputy marshal did not report a violation of the law because his report was made in his capacity as an employee. *Id.* at 276. On appeal, the Fort Worth Court rejected the city's argument and declined to follow the reasoning of *Huffman*, concluding that the opinion "is contrary to our own precedent and other Texas cases, which hold that a public employee who reports a violation of law in the course of his employment *is* protected by the [Whistleblower] Act." *Id.* (emphasis in original). However, *Rogers* is distinguishable from both *Steward* and the present case, in that it did not involve a report to a supervisor of the supervisor's own violation of the law.

Loer, unlike the plaintiff in *Rogers*, did not submit an interoffice communication that could potentially be reviewed by someone other than the wrongdoer. Like *Steward*, Loer's report was made to his supervisor concerning his supervisor's own violations of the law.[2] We conclude that an experienced peace officer, such as Loer, could not reasonably believe that the wrongdoer receiving such a report would investigate or prosecute his own violations of the law. *See Barth*, 403 S.W.3d at 856–57 (explaining

---

[2] Loer does not allege that he reported violations of the law by anyone other than the chief of police.

that the plaintiff's belief that he was reporting conduct to the appropriate law enforcement authority must have been reasonable given his training and experience); *see also Steward*, 139 S.W.3d at 361 (noting that "a peace officer's actions should be more closely examined in evaluating the officer's good faith belief that his report was to an appropriate law enforcement authority"). Therefore, we hold that Loer failed to establish that his report was made in good faith to the appropriate law enforcement authority. *See Needham*, 82 S.W.3d at 321.

## D. Summary

The trial court lacked subject-matter jurisdiction over Loer's cause of action because the City's immunity from suit was not waived under the Whistleblower Act. *See Barth*, 403 S.W.3d at 858; *Lueck*, 290 S.W.3d at 887. Therefore, the trial court did not err in granting the City's plea to the jurisdiction.[3] We overrule Loer's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
17th day of December, 2015.

---

[3] This argument is dispositive of the issue on appeal. Therefore, we need not address Loer's remaining arguments. *See* TEX. R. APP. P. 47.1.