JOHN NUGENT v. STATE OF NEBRASKA.

FILED FEBRUARY 28, 1920. No. 21268.

1. **Criminal Law:** CARRYING CONCEALED WEAPONS: INSTRUCTION. Section 8833, Rev. St. 1913, denounces as a crime the act of one who "shall carry a weapon or weapons concealed on or about his person," etc. The trial judge instructed the jury that the act must have been done "knowingly and intentionally." *Held*, not error in failing to instruct that criminal or felonious intent must be shown.

2. ——: ——: MITIGATION. One charged with carrying concealed weapons, contrary to law, may prove, in mitigation of punishment, the circumstances under which such weapon was carried.

ERROR to the district court for Wayne county: ANSON A. WELCH, JUDGE. *Affirmed.*

*C. H. Hendrickson* and *R. J. Millard,* for plaintiff in error.

*Clarence A. Davis, Attorney General, John B. Barnes* and *Fred S. Berry, contra.*

CORNISH, J.

Defendant (plaintiff in error) was convicted of carrying concealed weapons and sentenced to two years in the penitentiary.

The court instructed the jury that the carrying of concealed weapons must have been done "knowingly and intentionally." The defendant requested, and the court refused, an instruction that it must have been done "wilfully and feloniously." The statute reads: "Whoever shall carry a weapon or weapons concealed on or about his person," etc. Rev. St. 1913, sec. 8833. The punishment prescribed is a fine of not exceeding $1,000 or imprisonment for not exceeding two years.

The question of the intent required in such a case is a new one in this state. The decisions of other states are divided. Some hold that criminal intent must be shown; others, that the intent is immaterial; that if one has a weapon concealed on his person he is guilty, regardless of the purpose for which he carried the weapon. The main purpose of the statute is not only to prevent the carrying of deadly weapons for use, but to prevent the carrying of them at all, because of the opportunity and temptation to use them which arise from concealment. 8 R. C. L. p. 288, sec. 309.

We are of opinion that the trial court's instruction was right. Of course, the presumption is that the legislature would hardly intend to punish, as for a felony, an act which was innocent of criminal intent. This is indicated by the punishment prescribed. The circumstances under which a concealed weapon is carried should be permitted in evidence, so that, if a case should arise where there is an absence of criminal intent, the punishment may be mitigated accordingly.

It is urged that the sentence in this case was excessive. This view is not sustained by evidence sufficiently convincing to incline us to disturb the judgment of the trial court. Apparently the defendant was somewhat defiant of the law and the authorities, and carried the revolver under circumstances such as sometimes result in shooting affrays and death.

AFFIRMED.

LETTON and DAY, JJ., not sitting.