STATE OF NEBRASKA, APPELLEE, V. MICHAEL ANGELO
SACCOMANO, APPELLANT.

355 N.W.2d 791

Filed October 5, 1984.   No. 84-138.

Philip P. Lyons of Colfer, Lyons, Wood, Malcom &
Goodwin, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr,
for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

After trial to a jury the defendant, Michael Angelo
Saccomano, was convicted of carrying a concealed weapon,
sentenced to jail for 80 days, and fined $1,000. He has
appealed, and contends that the evidence was insufficient to
support the judgment and that the sentence imposed was
excessive.

The defendant is 28 years of age and is employed as a heavy
equipment operator by the Burlington Northern railroad. At
the time of his arrest he was working in the vicinity of McCook,
Nebraska, and staying in a motel in McCook.

The defendant spent the July 4, 1983, weekend in Denver,
Colorado, visiting his mother. He returned to McCook by train,
arriving at about 2:30 a.m. on July 5, 1983. Prior to leaving for
Denver, he had placed a loaded .22-caliber revolver under the

front seat of his automobile so that it would not be stolen from his parked car while he was in Denver.

While driving to his motel after returning from Denver, he was stopped by the police for speeding. Because the defendant had been drinking, he was arrested for driving while intoxicated and taken to the police station. At the station the defendant discovered that he had left his wallet in the automobile and requested that the police look for it. The officers returned to the car and in looking for the wallet discovered the loaded revolver under the front seat of the automobile.

It is undisputed that the defendant had placed the gun under the front seat of his automobile and that it was under the seat at the time he was stopped by the police and arrested. The defendant argues that this evidence is not sufficient to support a conviction because he was in jail at the time the gun was found under the front seat of his automobile, and he had forgotten that he had placed the gun there before leaving for Denver.

The fact that the defendant was in jail at the time the gun was discovered is of no consequence. The offense was committed when the defendant operated the automobile with the gun concealed under the front seat. A weapon is concealed on or about the person if it is concealed in such proximity to the driver of an automobile as to be convenient of access and within immediate physical reach. *State v. Goodwin*, 184 Neb. 537, 169 N.W.2d 270 (1969).

The defendant's testimony that he had forgotten that he had placed the gun under the seat of his automobile does not prevent a conviction. The evidence was such that the jury could find that the defendant "knowingly and intentionally" placed the gun under the front seat of the automobile, and from the facts and circumstances conclude that the defendant had knowledge of the presence of the gun in the automobile.

Ordinarily, when an object is found in an automobile possessed and operated by the defendant, the evidence of unlawful possession is sufficient to sustain a conviction. *State v. Harris, ante* p. 75, 352 N.W.2d 581 (1984).

The requirement that the State prove that the defendant "knowingly and intentionally" concealed the weapon is satisfied by the evidence that he placed the gun under the front

seat of the automobile before he left for Denver. It is sufficient if the evidence shows that the defendant voluntarily and intentionally concealed the weapon. See *United States v. Barber*, 594 F.2d 1242 (9th Cir. 1979).

With respect to the sentence, the period of incarceration is minimal when compared to the maximum authorized by statute. The jail sentence, however, may be a hardship on the defendant in that it may cause him to lose his employment.

The record shows that in addition to the .22-caliber revolver found under the front seat of the automobile, the police removed a loaded .357 Magnum pistol and a loaded .22-caliber rifle from the trunk of the automobile. The presentence report states that this was the second time a loaded .357 Magnum pistol was removed from the defendant's automobile when he was arrested. Further, the record shows the defendant was on probation at the time this offense was committed.

The purpose of the statute is to prevent the carrying of weapons "because of the opportunity and temptation to use them which arise from concealment." *Nugent v. State*, 104 Neb. 235, 236, 176 N.W. 672 (1920). The fact that the weapon was loaded is an aggravating circumstance.

Under the facts and circumstances in this case, we find that the sentence imposed was not excessive. The judgment of the district court is affirmed.

AFFIRMED.