STATE of Minnesota, Appellant,

v.

James Jay GRADISHAR, Respondent.

No. A08–1754.

Court of Appeals of Minnesota.

June 2, 2009.

Lori Swanson, Attorney General, St. Paul; and Gunnar B. Johnson, Duluth City Attorney, Terri L. Lehr, Assistant City Attorney, Duluth, for appellant.

Richard P. Holmstrom, Duluth, for respondent.

Considered and decided by HUDSON, Presiding Judge; WORKE, Judge; and LARKIN, Judge.

## OPINION

WORKE, Judge.

On appeal from the pretrial dismissal of a charge of carrying a firearm in a public place while under the influence of alcohol,

in violation of Minn.Stat. § 624.7142 (2006), the state argues that the district court erred in defining "public place" to exclude a place of business owned and managed by the charged person. We reverse and remand.

## FACTS

Respondent James Jay Gradishar is the owner and manager of Norshor Experience, a bar in Duluth, Minnesota. On May 2, 2008, an off-duty officer working at the bar struck up a conversation with respondent, who mentioned that he had his gun in his pocket. Respondent had a permit to carry. The officer asked respondent if he had been drinking that night, and respondent admitted that he had. The officer arrested respondent and administered an Intoxilyzer test, which indicated that respondent's alcohol concentration was .15. Respondent was charged with carrying a pistol in a public place while under the influence of alcohol, in violation of Minn. Stat. § 624.7142. Respondent moved to dismiss, arguing that his place of business is not considered a public place. The district court, in defining "public place," under section 624.7142, found that it should have the same meaning as "public place" as defined in Minn.Stat. § 624.7181, subd. 1(c) (2006), which excludes a person's place of business. The district court dismissed the charge against respondent because he was in his place of business while carrying his pistol and under the influence of alcohol. This appeal follows.

## ISSUE

Did the district court err in concluding that the definition of "public place," under Minn.Stat. § 624.7142, excludes one's place of business?

## ANALYSIS

■ "When the state appeals from a pretrial order dismissing a criminal charge, this court will reverse only if the state clearly and unequivocally demonstrates that the district court erred and that the error, unless reversed, will have a critical impact on the outcome of the prosecution." *State v. Lopez*, 631 N.W.2d 810, 813 (Minn.App.2001), *review denied* (Minn. Sept. 25, 2001). Critical impact is a threshold showing that must be made in order for an appellate court to have jurisdiction. *State v. Kim*, 398 N.W.2d 544, 550 (Minn.1987). The state satisfies the critical-impact test when the district court's order is based on an interpretation of a rule that bars further prosecution of a defendant. *State v. Whitley*, 649 N.W.2d 180, 183 (Minn.App.2002). It is undisputed that the district court's dismissal has "a critical impact on the outcome of the prosecution." *See Lopez*, 631 N.W.2d at 813. The state must then show that the district court erred in concluding that "public place," under section 624.7142, excludes one's place of business. "Whether a statute has been properly construed is a question of law to be reviewed de novo by this court." *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

■ Respondent was charged with carrying a firearm in a public place while under the influence of alcohol. There is no dispute that respondent was at the Norshor, a business that he owns and manages. Minn.Stat. § 624.7142, subd. 1(4) provides: "A person may not carry a pistol on or about the person's clothes or person in a public place ... when the person is under the influence of alcohol." The statute does not define "public place." The issue here is whether "public place" includes respondent's place of business.

The state argues that under the canons of statutory construction, when the statute fails to provide a definition, this court is to look to a dictionary definition for guidance.

*See State v. Hartmann,* 700 N.W.2d 449, 453–54 (Minn.2005) (relying on dictionary definitions for guidance in defining constitutional provisions). The state contends that the definition of "public place" should be:

> A place to which the general public has a right to resort; not necessarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public (*e.g.* a park or public beach). Also, a place in which the public has an interest as affecting the safety, health, morals, and welfare of the community. A place exposed to the public, and where the public gather together to pass to and fro.

*Black's Law Dictionary* 1230–31 (6th ed. 1990). Respondent argues that "public place" is defined in section 624.7181, subdivision 1(c), which excludes from the definition "the place of business owned or managed by the person" charged. Respondent further contends that because Minn.Stat. § 624.714, subd. 1a (2006), adopts the definition set out in section 624.7181, subdivision 1(c), it would defy logic to conclude that the phrase "public place" used in section 624.7142 would include a person's place of business.

■ The parties agree that "public place" under section 624.7142 is ambiguous

because it is subject to more than one reasonable interpretation. Because section 624.7142 does not define the term "public place," we agree that the term is ambiguous. *See State v. Mauer,* 741 N.W.2d 107, 111 (Minn.2007) (stating that although this matter involved the express inclusion of a scienter element in a child-pornography statute, a reviewing court may treat a statute's silence on an element as an ambiguity). "The object of statutory interpretation is to determine and effectuate legislative intent[,]" and "[t]he ambit of an ambiguous criminal law should be construed narrowly according to the rule of lenity." *State v. Zeimet,* 696 N.W.2d 791, 793–94 (Minn.2005) (citation omitted).

We conclude that the state's argument for a broader definition is more persuasive.[1] For purposes of section 624.7142, we conclude that "public place" shall be defined as: generally an indoor or outdoor area, whether privately or publicly owned, to which the public have access by right or by invitation, expressed or implied, whether by payment of money or not.[2] Under this definition, Norshor is a public place.

We adopt this definition for the following reasons. First, the relevant section of the criminal statutes, Minn.Stat. §§ 624.031 to .74 (2006), includes a definition section, but does not define "public place." *See* Minn.Stat. § 624.712. And the legislature, in enacting the Minnesota Citi-

---

1. Although we are persuaded by the state's argument to adopt a more expansive definition, we do not accept the state's proposed definition because it is too general for the purposes of section 624.7142. Additionally, the state's proposed definition is itself ambiguous. For instance, the state's definition defines "public place" as "a place which is in point of fact public rather than private." *See Black's Law Dictionary* 1230–31 (6th ed. 1990). Further, the state advocates a definition of "public place" found in *Black's Law Dictionary.* But a more recent edition of *Black's Law Dictionary* defines "public place"

as "[a]ny location that the local, state, or national government maintains for the use of the public, such as a highway, park, or public building." *Black's Law Dictionary* 1267 (8th ed. 2004). This definition is overly broad and does not suit this particular statute.

2. In settling on a definition that is suitable for section 624.7142, which is neither too broad nor too specific, we searched through several sources and crafted a definition that should be used to define "public place" for purposes of this particular statute.

zens' Personal Protection Act of 2003 (MCPPA), did not provide a definitions section. *See* Minn.Stat. §§ 624.714 to .74. If the legislature had intended for a specific definition of "public place" to be used throughout chapter 624 or throughout the MCPPA, it would have provided one.

Second, the definition that the district court used is contained in section 624.7181. But this section specifically provides that the definitions contained therein apply to only that section. *See* Minn.Stat. § 624.7181, subds. 1 (providing that [f]or purposes of this section, the following terms have the meanings given them), 1(c) (defining [p]ublic place to "not include: a person's dwelling house or premises, [or] the place of business owned or managed by the person"). Further, section 624.714, subdivision 1a, specifically adopts the definition of public place found in section 624.7181, subdivision 1(c). *See* Minn.Stat. § 624.714, subd. 1a (providing that an individual who possesses or controls a pistol without a permit in a public place, "as defined in section 624.7181, subdivision 1, paragraph (c)," is guilty of a gross misdemeanor). Section 624.7142 does not expressly adopt the definition of public place provided in section 624.7181. Thus, given the plain language of section 624.7181, that the definitions found therein do not apply elsewhere, and the fact that section 624.7142 does not expressly adopt this definition as does section 624.714, the district court erred in adopting this definition.

Third, when interpreting a law to ascertain and effectuate the intention of the legislature and the words are not explicit, we may determine legislative intent by considering "the mischief to be remedied." Minn.Stat. § 645.16 (2006). In this case, the mischief, the possession of weapons by those who are intoxicated, is discernible from the plain language of the legislation. The district court used the definition of public place adopted in section 624.714, which penalizes individuals for being in possession or controlling a pistol in a public place without a permit. But section 624.7142 penalizes an individual for carrying a pistol while under the influence of alcohol. Because section 624.7142 seeks to remedy a separate and distinct mischief, the term "public place" should be defined in a manner that best remedies that particular mischief. The definition of public place found in section 624.7181, subdivision 1(c), and adopted in section 624.714, excludes a person's home and place of business. This makes sense when considering the reasons for allowing an individual to carry a pistol without a permit—to protect one's home and business. This is not the same reason behind section 624.7142, which seeks to protect the public.

Fourth, we may consider "the object to be obtained." Minn.Stat. § 645.16. The readily apparent object of section 624.7142 is to protect individuals in public places from harm that could result from intoxicated individuals carrying firearms. But the district court's adoption of the narrow definition of public place found in section 624.7181 is inconsistent with the public-safety goal. With public safety as the ultimate goal, it is evident that the legislature would attempt to minimize the locations where a permit holder may carry a firearm while intoxicated.

Finally, we may consider "the consequences of a particular interpretation," Minn.Stat. § 645.16, and give a "reasonable and sensible construction" to the statute, presuming that the legislature did not intend an absurd result. *Murphy*, 545 N.W.2d at 916. Under the district court's definition, permit holders who carry while under the influence are not subject to criminal liability under section 624.7142 if they carry at

the place of business owned or managed by the person, or land possessed by the person; a gun show, gun shop, or hunting or target shooting facility; or the woods, fields, or waters of this state where the person is present lawfully for the purpose of hunting or target shooting or other lawful activity involving firearms.

Minn.Stat. § 624.7181, subd. 1(c). The result of this interpretation compromises public safety and is, therefore, not a reasonable and sensible construction.

## DECISION

Because the district court erred in defining public place under Minn.Stat. § 624.7142 to exclude respondent's place of business, the district court erred in dismissing the charge against respondent of carrying a firearm while under the influence of alcohol in a public place.

**Reversed and remanded.**