Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2016 09:07 AM CST

State of Nebraska, appellee, v.
Joseph D. Senn, Jr., appellant.
___ N.W.2d ___

Filed December 16, 2016.    No. S-15-734.

1. **Evidence: Appeal and Error.** When reviewing the sufficiency of the evidence to support a conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

2. **Criminal Law: Weapons.** Generally, under Neb. Rev. Stat. § 28-1202 (Reissue 2016), any person who carries a weapon or weapons concealed on or about his or her person, such as a handgun, a knife, brass or iron knuckles, or any other deadly weapon, commits the offense of carrying a concealed weapon.

3. **Weapons: Motor Vehicles: Words and Phrases.** A weapon is concealed on or about the person if it is concealed in such proximity to the driver of an automobile as to be convenient of access and within immediate physical reach.

4. **Motor Vehicles: Words and Phrases.** Under Neb. Rev. Stat. § 60-642 (Reissue 2010), the word "driver" includes "any person who operates, drives, or is in actual physical control of a vehicle."

5. **Jury Instructions.** As a general rule, in giving instructions to the jury, it is proper for the court to describe the elements of the offense in the language of the statute.

6. **Verdicts: Appeal and Error.** Only where evidence lacks sufficient probative value as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.

Petition for further review from the Court of Appeals, Inbody, Pirtle, and Riedmann, Judges, on appeal thereto from the District Court for Richardson County, Daniel E. Bryan,

JR., Judge. Judgment of Court of Appeals reversed, and cause remanded with directions.

Keith M. Kollasch, of Kollasch Law Office, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

KELCH, J.

## INTRODUCTION

Following a jury trial, Joseph D. Senn, Jr., was convicted of carrying a concealed weapon. The Nebraska Court of Appeals reversed the conviction on the basis that the evidence was insufficient to support the jury's guilty verdict. Upon further review, we find that the evidence, viewed in the light most favorable to the prosecution, was sufficient to sustain Senn's conviction. We therefore reverse the Court of Appeals' decision and remand the cause with directions to affirm the judgment of the district court.

## BACKGROUND

Senn was charged in the district court for Richardson County, Nebraska, with attempted second degree murder, use of a firearm to commit a felony, two counts of terroristic threats, and carrying a concealed weapon. Following a jury trial, he was convicted of carrying a concealed weapon but was acquitted of the remaining charges.

The evidence at trial established that Senn argued with Buckley Auxier while assisting Natalie Auxier in removing some of her possessions from Buckley's home. At that time, Natalie and Buckley were involved in divorce proceedings.

When Buckley directed them to leave, Senn allegedly returned to the U-Haul truck he had driven there and pulled out

a handgun. When asked where in the U-Haul the handgun had been stored, Buckley testified, "It might have been underneath the seat. I don't know. It was in the U-Haul, easy to reach." Buckley's hired hand, who also witnessed the incident, testified that Senn "went over to the U-Haul and obtained a pistol that was hidden in there." According to Buckley and his hired hand, Senn pointed the handgun at Buckley and fired a shot, but missed. Senn and Natalie then got into the U-Haul and left the premises. Senn testified that he left the property when the confrontation grew heated, but denied that he ever retrieved the handgun or fired a shot at Buckley.

Buckley contacted law enforcement immediately after Senn departed from the property. The Richardson County Sheriff and his deputy encountered the U-Haul and initiated a traffic stop. Senn was driving the U-Haul, and Natalie was riding as a passenger. During the stop, the deputy noticed a blue plastic manufacturer's firearms box behind the passenger seat in the U-Haul. It contained a 9-mm semiautomatic handgun, which Senn admitted belonged to him.

The sheriff testified that the firearms box was found "against the wall of the truck—between the passenger seat and the right side wall of the truck, partially behind the seat, with some clothing on top of it," and that "it was completely on the other side of the cab" from the driver's seat. The deputy testified that given the location of the firearms box during the stop, the driver of the vehicle could not have reached the handgun while driving.

A forensic scientist testified regarding his opinion that a spent shell casing found on Buckley's property was fired from the handgun found in the U-Haul. Senn testified that he did not fire his handgun on the date of the alleged offenses, but that he had visited Buckley's property with Natalie approximately 1 week earlier and had fired several shots using an old basketball as a target. He testified that he did not collect all of the shell casings after firing the handgun on that occasion. However, Buckley's hired hand testified that the spent shell

casing found on the property shortly after the incident smelled like it had just been fired. Buckley testified that he found two more shell casings on his property 2 days after the incident with Senn.

The district court instructed the jury that the State must prove the following elements beyond a reasonable doubt for the carrying a concealed weapon charge: "(1) That . . . Senn . . . ; (2) On or about October 4, 2014; (3) In Richardson County . . . ; (4) Did carry a weapon concealed on or about his person to-wit: 9mm semi-automatic handgun." The jury was not instructed regarding the meaning of the phrase "on or about his person." During the instruction conference, neither party objected to the instructions relating to the concealed weapon charge.

During closing arguments, the State asserted that the handgun was "on or about [Senn's] person" because it was found in the driver's compartment of the U-Haul truck during the traffic stop. Defense counsel argued that the handgun was not "on or about [Senn's] person" because it was unreachable during the traffic stop.

After the jury found Senn guilty of carrying a concealed weapon, the district court fined him $200, plus court costs. Senn appealed. He argued that the evidence adduced at trial was insufficient to support his conviction because the State did not prove that the handgun was concealed "on or about" his person as required by Neb. Rev. Stat. § 28-1202(1)(a) (Reissue 2016). The State argued that the handgun's location in the cab of the vehicle driven by Senn was enough to satisfy the element that the weapon be concealed "on or about" Senn's person, even if it was not within his reach while driving. Additionally, the State argued that the jury could have found that Senn carried a concealed weapon not only during the traffic stop, but also immediately before he allegedly shot at Buckley.

The Court of Appeals reversed Senn's conviction for carrying a concealed weapon. See *State v. Senn*, 24 Neb. App. 160,

884 N.W.2d 142 (2016). In a split decision, it found that the evidence was insufficient to support Senn's conviction because the uncontroverted testimony established that the handgun was not within Senn's immediate physical reach at the time of the traffic stop. Citing a civil case, the Court of Appeals declined to address the State's argument that Senn could have committed the offense just before he allegedly shot at Buckley, on the basis that the State did not argue that theory at trial. See *Nelson v. Cool*, 230 Neb. 859, 434 N.W.2d 32 (1989) (as general rule, appellate court will decide case on theory on which it was presented in trial court).

We granted the State's petition for further review.

## ASSIGNMENTS OF ERROR

In its petition for further review, the State assigns that the Court of Appeals erred in (1) refusing to consider an argument made on appeal, on the basis that it was different from the theory argued by the State at trial, and (2) finding insufficient evidence to support the jury's guilty verdict.

## STANDARD OF REVIEW

[1] When reviewing the sufficiency of the evidence to support a conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Irish*, 292 Neb. 513, 873 N.W.2d 161 (2016).

## ANALYSIS

On further review, the State assigns that the Court of Appeals erred in finding insufficient evidence to support the jury's guilty verdict. Accordingly, our standard of review requires us to consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that Senn's handgun was "concealed on or about his . . . person," as provided in § 28-1202. See *State v. Irish, supra*. Under this standard, we conclude that

the State presented sufficient evidence to support the jury's guilty verdict.

In reversing Senn's conviction, the Court of Appeals relied on the deputy's testimony that the location of the handgun in the vehicle was such that Senn could not have reached it while driving and the sheriff's testimony that the handgun was "completely on the other side of the cab" from the driver's seat. From this testimony, the Court of Appeals deduced that "both testified that Senn could not reach the firearm at the time he was pulled over." *State v. Senn*, 24 Neb. App. 160, 170, 884 N.W.2d 142, 149 (2016). However, we note that the sheriff did not testify regarding Senn's ability to reach the handgun, only regarding its location. Based on its interpretation of the officers' testimony alone, the Court of Appeals found that "the uncontroverted testimony in this case establishes that the gun was not within immediate physical reach of Senn." *Id*. at 169, 884 N.W.2d at 148. We disagree.

[2-4] The State charged Senn pursuant to § 28-1202(1)(a), which provides: "Except as otherwise provided in this section, any person who carries a weapon or weapons concealed *on or about his . . . person*, such as a handgun, a knife, brass or iron knuckles, or any other deadly weapon, commits the offense of carrying a concealed weapon." (Emphasis supplied). In applying this statute in the context of an automobile, we have held that "[a] weapon is concealed on or about the person if it is concealed in such proximity to the driver of an automobile as to be convenient of access and within immediate physical reach." *State v. Saccomano*, 218 Neb. 435, 436, 355 N.W.2d 791, 792 (1984). Accord *State v. Goodwin*, 184 Neb. 537, 169 N.W.2d 270 (1969). And in Nebraska, the word "driver" includes "any person who operates, drives, or is in actual physical control of a vehicle." See Neb. Rev. Stat. § 60-642 (Reissue 2010).

The Court of Appeals relied on testimony establishing that Senn could not reach the handgun *while driving*, but that testimony did not speak to whether he could have reached it in

other driving situations, such as while the vehicle was stopped. Neither § 28-1202 nor case law requires that the weapon be within the defendant's reach *while driving* in order to be considered "on or about his person." In fact, in *Kennedy v. State*, 171 Neb. 160, 170-71, 105 N.W.2d 710, 718 (1960), where the defendant was one of several occupants in the vehicle, we held that a weapon is concealed when it is hidden from ordinary observation and is "readily accessible on [the] person [of] *or in a motor vehicle operated by* [*the*] *defendant*." (Emphasis supplied). Further, in *State v. Goodwin*, 184 Neb. at 541, 169 N.W.2d at 273, we affirmed the jury's factual finding and held that a loaded pistol found in a locked glove compartment during a postarrest search was concealed "on or about" the person of the driver because it was concealed in an accessible location over which the defendant had control.

[5] Although the Court of Appeals stated the proper standard of review, it essentially focused its analysis on contemplating a legal definition of "on or about his person." However, similarly to *Goodwin*, due to the presence of a handgun in the passenger compartment of Senn's vehicle, there was sufficient evidence to pose a factual question for the jury to determine whether the handgun was concealed on or about his person. In framing this factual question for the jury, the district court instructed the jury as to the elements of § 28-1202, elements that the State was required to prove beyond a reasonable doubt. And as a general rule, in giving instructions to the jury, it is proper for the court to describe the elements of the offense in the language of the statute. See *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015).

The jury, after being instructed on the elements of § 28-1202, ultimately found that Senn carried the handgun concealed on or about his person, which is all that is required by the statute. Neither the statute nor the instruction limited the jury's consideration to a particular time or location for the charged offense, except for the date and the county specified by the instruction. Certainly, as a rational trier of fact, the

jury considered the evidence that Senn could not reach the handgun while driving. However, this evidence represented but one factor for the jury's deliberation, along with the other evidence received at trial, in reaching its verdict.

[6] Only where evidence lacks sufficient probative value as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011). Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury, as a rational trier of fact, could have found that the handgun was on or about Senn's person, even though it was not within his reach while driving.

Because we find that the Court of Appeals erred in reversing Senn's conviction on the basis of insufficient evidence, we decline to address the State's remaining assignment of error. See *State v. Planck*, 289 Neb. 510, 856 N.W.2d 112 (2014) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

For the reasons set forth above, we reverse the decision of the Court of Appeals and remand the cause with directions to affirm the judgment of the district court.

Reversed and remanded with directions.