**STATE of Minnesota, Respondent,**

v.

**Bryan Lee LARSON, Appellant.**

**A16-1538**

Court of Appeals of Minnesota.

Filed April 24, 2017

---

Lori Swanson, Attorney General, St. Paul, Minnesota; and Samuel J. Clark, St. Paul City Attorney, Stephen J. Christie, Assistant City Attorney, St. Paul, Minnesota (for respondent).

John Arechigo, Arechigo & Stokka, P.A., St. Paul, Minnesota (for appellant).

Considered and decided by Cleary, Chief Judge; Halbrooks, Judge; and Jesson, Judge.

## OPINION

JESSON, Judge

Appellant challenges his conviction of carrying a pistol in public while under the influence of alcohol, arguing that the statutory term "carry" does not include transporting an unloaded pistol fully enclosed in a case. Because the plain meaning of the word "carry" in the statute includes transporting a pistol on one's person, even if the pistol is unloaded and in a case, we affirm.

## FACTS

Just after midnight on December 19, 2015, appellant Bryan Lee Larson and two friends were given a ride in a motor vehicle to the First National Bank Building in downtown St. Paul. Larson, who had a valid Minnesota permit to carry a pistol, held a fully closed gun case, which contained an unloaded Smith & Wesson .40 caliber pistol. Larson approached the building on a public sidewalk with the gun case in his hand, entered the building with the assistance of building security, and

proceeded to a basement room, where there was a gun range. In the basement room, police located Larson, who at that time had the pistol in a holster on his belt. Larson was under the influence of alcohol.

Larson was charged with the misdemeanor offense of carrying a pistol while under the influence of alcohol, based on his act of transporting the pistol in a case on a public sidewalk outside the building. *See* Minn. Stat. § 624.7142, subd. 1(4). He moved to dismiss the complaint for lack of probable cause, arguing that the word "carry" in the statute was ambiguous, and the legislature did not intend to prohibit possession of an unloaded pistol securely enclosed in a gun case. The district court denied the motion, concluding that, although the word "carry" is ambiguous, the legislature intended to prohibit persons impaired by alcohol, or who are under the influence of a controlled substance, from having direct access to a pistol by carrying it about their persons in a public place.

The parties agreed to submit the matter for trial on agreed-upon facts to give Larson an opportunity to argue on appeal that the statute prohibiting carrying a pistol while intoxicated does not apply to his behavior. The district court convicted Larson and imposed a sentence of 90 days in jail, with 60 days stayed. This appeal follows.

### ISSUE

■ Does the definition of "carry" in Minnesota Statutes section 624.7142, subdivision 1, subsection 4, include transporting an unloaded, encased pistol?

### DECISION

In a state where hunting and fishing are deeply embedded traditions, it is unsurprising that the Minnesota Legislature has a long-standing policy of declining to regulate shotguns, rifles, and "other longguns of the type commonly used for hunting." *See* Minn. Stat. § 624.711 (2014). But this policy does not extend to pistols. *Id.* In order to lawfully carry a pistol, a permit issued by local law enforcement is required. *See* Minn. Stat. § 624.714 (2014). In 2003, the legislature addressed this permitting process, enacting the Minnesota Citizens' Personal Protection Act, which changed Minnesota from a "may issue" state to a "shall issue" state with respect to permits to possess and carry pistols. *See* 2003 Minn. Laws ch. 28, art. 2, §§ 4-28, at 267, 274-87. The act reflects the legislature's support of the ability of law-abiding citizens to carry firearms in public. *State v. Ndikum*, 815 N.W.2d 816, 821 (Minn. 2012). Under the act, a sheriff "must issue a permit" if an applicant meets certain requirements, such as being at least 21 years of age and a citizen or permanent United States resident, having been trained in the safe use of a pistol, and not being otherwise prohibited from possessing a firearm. Minn. Stat. § 624.714, subd. 2(6).

■ When the act passed, the legislature also carved out an exception with respect to a citizen's ability to possess a pistol in public: if a person is under the influence of alcohol, that person may not, in a public place, "carry a pistol on or about the person's clothes or person." Minn. Stat. § 624.7142, subd. 1(4). The statute does not, however, define the word "carry." *See id.* In this appeal, where Larson does not contest his intoxication, we must therefore discern the meaning of the statutory term "carry" to determine whether the district court erred by ruling that he was "carrying" the pistol in public while under the influence of alcohol, so as to allow him to be convicted of that of-

fense.[1] Construction of a criminal statute presents an issue of law, which this court reviews de novo. *State v. Colvin*, 645 N.W.2d 449, 452 (Minn. 2002).

To ascertain the meaning of "carry" in the statute, we first examine whether it is ambiguous. *See Dupey v. State*, 868 N.W.2d 36, 39 (Minn. 2015). If statutory language is unambiguous, the plain meaning of the statute controls. *Id.* Plain meaning assumes the ordinary usage of words that are not statutorily defined and draws from the full-act context of the provision. *Occhino v. Grover*, 640 N.W.2d 357, 359 (Minn. App. 2002), *review denied* (Minn. May 29, 2002). But if statutory language is ambiguous, meaning that it is susceptible to more than one reasonable interpretation, we may look beyond the statutory language to discern legislative intent. *Dupey*, 868 N.W.2d at 39.

Larson argues that the word "carry" does not refer to this situation—transporting a pistol that was unloaded and in a secure case. Because the term "carry" is not a defined statutory term, we first address whether there is an ordinary usage of the word "carry," which provides the term's plain meaning. *Occhino*, 640 N.W.2d at 359. And ordinary usage may be determined with the aid of dictionary definitions. *State v. Haywood*, 886 N.W.2d 485, 490 (Minn. 2016). Here, "carry" has been defined as "[t]o convey or transport." *Black's Law Dictionary* 257 (10th ed. 2014). It also has the meaning of "[t]o keep or have on one's person." *The American Heritage Dictionary of the English Language* 294 (3d ed. 1992). Using these definitions, we conclude that, by its plain meaning, "carry" in Minnesota Statutes section 624.7142, subdivision 1, subsection 4, prohibits transporting a pistol on one's person while under the influence of alcohol in a public place. Because the statute prohibits carrying "about" the person's clothes or person, this includes situations in which the pistol is unloaded and in a case. *See* Minn. Stat. § 624.7142, subd. 1(4).

We also consider this ordinary usage of "carry" in the full-act context of the Minnesota Citizens' Personal Protection Act, to discern its plain meaning. *See Occhino*, 640 N.W.2d at 359 (stating that plain meaning assumes ordinary usage and draws from the full-act context). We note that the legislature had the ability to limit the term "carry" by excluding transport of a pistol in a case, when the pistol is unloaded. It did not do so here. The legislature knows how to differentiate between possession of a loaded firearm from possession of an unloaded, cased firearm. *See, e.g.*, Minn. Stat. § 624.7181, subd. 1(b)(2) (2014) (excluding the transporting of unloaded, cased BB guns, rifles, and shotguns from the definition of "carry" in that statute). We will not add an exception to a statute when the legislature has declined to do so. *See State v. Expose*, 872 N.W.2d 252, 258 (Minn. 2015).

---

1. We note that Larson couches his appeal as a challenge to the denial of his motion to dismiss for lack of probable cause under Minnesota Rule of Criminal Procedure 26.01, subdivision 4. That procedure, which preserves the defendant's right to obtain review of a pretrial ruling dispositive of the case, does not apply here. *See* Minn. R. Crim. P. 26 cmt. Rather, Larson agreed to a trial before the district court on stipulated facts, retaining the full scope of appellate review. *See* Minn. R. Crim. P. 26.01, subd. 3; Minn. R. Crim. P. 26 cmt. We construe his challenge to the district court's probable-cause ruling after his conviction as a claim that the evidence was insufficient to convict. *State v. Olhausen*, 669 N.W.2d 385, 390-91 (Minn. App. 2003), *rev'd on other grounds*, 681 N.W.2d 21 (Minn. 2004); *see State v. Myhre*, 875 N.W.2d 799, 805 (Minn. 2016) (holding that plain-error analysis applies to unobjected-to errors committed under rule 26.01, subdivision 4).

Larson views the applicability of Minnesota Statutes section 624.7181, in an altogether different light. He contends that section 624.7142, which prohibits carrying a pistol in public while under the influence, must be read in conjunction with Minnesota Statutes section 624.7181. That statute prohibits "carry[ing]" a BB gun, rifle, or shotgun in a public place, but expressly states that "[f]or purposes of this section," "carry" does not include carrying those firearms unloaded in a fully enclosed case. Minn. Stat. § 624.7181, subds. 1(b)(2), 2. Larson maintains that the term "carry" in section 624.7142 must be defined consistently with the definition of that term in section 624.7181.

We disagree. Section 624.7181 provides that its definition of "carry" and the exclusion of unloaded, unsecured firearms from that definition applies specifically "[f]or the purposes of this section." Minn. Stat. § 624.7181, subd. 1. It does not refer to a broader exclusion in other statutes, such as section 624.7142. Significantly, section 624.7181 refers to BB guns and rifles, not to pistols. This reflects the legislature's long-standing distinction between the treatment of rifles and BB guns, and its stricter regulation of pistols and automatic weapons. *See* 1975 Minn. Laws ch. 378, § 1, at 1278-79 (enacting Minn. Stat. § 624.711); *cf. Haywood*, 886 N.W.2d at 490 (holding that a BB gun is not a firearm within the meaning of the statute prohibiting ineligible persons from possessing a firearm).

We addressed a similar argument based on a comparison of the same two statutes in *State v. Gradishar*, 765 N.W.2d 901 (Minn. App. 2009). In *Gradishar*, the defendant, who was under the influence of alcohol and carrying a pistol at a bar that he owned, was convicted of carrying a pistol in a public place while intoxicated, under the same statute at issue here. *Id.* at

902; *see* Minn. Stat. § 624.7142, subd. 1. We addressed whether a "public place" included the defendant's place of business, when the statute did not define a "public place." *See Gradishar*, 765 N.W.2d at 902. The defendant pointed out that section 624.7181, subdivision 1(c), excludes from a "public place" a business owned and managed by the defendant. *Id.* at 903; *see* Minn. Stat. § 624.7181, subd. 1(c). We rejected the argument that the two statutes must be read together, noting that section 624.7181 specifically provides that the definitions in that section apply only to that section. *Gradishar*, 765 N.W.2d at 904.

The rationale set forth in *Gradishar* applies equally to this case. In section 624.7142, the legislature did not expressly adopt the definition of "carry" in section 624.7181, despite the opportunity to do so. Therefore, we need not incorporate that definition of "carry" when analyzing whether Larson's conduct was sufficient to sustain a conviction for the charge of carrying a pistol while under the influence of alcohol.

We also disagree with Larson's argument that the legislature intended to limit the meaning of "carrying" a pistol in section 624.7142 because that term is not the same as "possessing" a pistol, which is prohibited by other statutes. *See, e.g.*, Minn. Stat. § 609.66, subd. 1d (2014) (stating that a person may not "possess," "store," or "keep" a dangerous weapon while knowingly on school property). We can discern no reason why the term "carry" in section 624.7142 should not be read according to its plain meaning as expressed in that statute. *Cf. Dupey*, 868 N.W.2d at 39.

Here, the record shows that Larson, under the influence of alcohol, was conveying or transporting the pistol on his person on the public sidewalk before he entered the building and was stopped by police.

Because he was "carry[ing]" the pistol within the meaning of section 624.7142, subdivision 1, subsection 4, the district court did not err by determining that probable cause existed to believe that he was violating the statute and by convicting him of that offense. *See* Minn. Stat. § 624.7142, subd. 1(4).

We conclude that, by its plain meaning, the word "carry" in Minnesota Statutes section 624.7142, subdivision 4, refers to transporting a pistol in a public place when a person is under the influence of alcohol, even if the pistol is unloaded and fully encased.[2] *See id.* Therefore, under the terms of the statute, the state had probable cause to charge Larson with carrying the pistol on a public sidewalk while under the influence of alcohol, and the evidence

was sufficient to convict him of that offense.

## DECISION

The term "carry" in Minnesota Statutes section 624.7142, subdivision 1, subsection 4, includes transporting an unloaded pistol in an enclosed case. Thus, the district court did not err in its probable-cause determination and the evidence is sufficient to convict Larson of the charged offense.

**Affirmed.**

---

2. Larson urges this court to apply the rule of lenity, which provides that statutory ambiguity is resolved in favor of the defendant. *State v. Zeimet,* 696 N.W.2d 791, 794 (Minn. 2005). Because the plain meaning of the term "carry" as set forth in section 624.7142, subdivision 1, subsection 4, applies to transporting an unloaded pistol in an enclosed case, it is inappropriate to apply the rule of lenity in this case. *See id. State v. Nelson,* 842 N.W.2d 433, 443 (Minn. 2014) (stating that the rule of lenity only applies when there is "a grievous ambiguity or uncertainty in the statute").