STATE of Minnesota, Appellant,

v.

Christopher Michael PRIGGE, Respondent.

A17-0403

Court of Appeals of Minnesota.

Filed July 31, 2017

Review Granted Sept. 27, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Steven M. Tallen, Maple Grove City Attorney, Tallen & Baertschi, Minneapolis, Minnesota (for appellant).

Scott J. Strouts, Scott J. Strouts LLC, Minneapolis, Minnesota; and Larry Rapoport, Larry Rapoport, Ltd., Minnetonka, Minnesota (for respondent).

Considered and decided by Larkin, Presiding Judge; Johnson, Judge; and Reilly, Judge.

## OPINION

REILLY, Judge

The state appeals the district court's pretrial dismissal of a charge of carrying a pistol while under the influence of alcohol in violation of Minnesota Statutes section 624.7142, subdivision 1(4), arguing that carrying a pistol "on or about the person's clothes or person" does not require a physical nexus between the pistol and the person or the person's clothes. Because the pretrial dismissal order has a critical impact, appellate review is appropriate. And because the plain language of the statute is limited in application to situations in which there is a physical nexus between the person or the person's clothes and the pistol, and no such evidence is present here, we affirm the order dismissing the charge.

## FACTS

In April 2016, a Maple Grove police officer conducted a traffic stop of a vehicle driven by respondent Christopher Michael Prigge. Based upon his training and experience, the officer concluded that Prigge was under the influence of alcohol and arrested him for impaired driving. During an ensuing inventory search of Prigge's vehicle, the police discovered a loaded handgun in the bottom of the vehicle's center console compartment. The state charged respondent with several offenses, including carrying a pistol while under the influence of alcohol in violation of Minnesota Statutes section 624.7142, subdivision 1, subsection 4. Prigge moved to dismiss the charge for lack of probable cause. The district court granted the motion, reasoning that the facts were insufficient to support probable cause because Prigge was not carrying the pistol on or about his clothes or his person, and the statute's prohibited conduct did not extend to a pistol in the center console compartment of a vehicle. The state appeals.

## ISSUES

I.  Is the district court's pretrial dismissal order appealable under Minnesota Rule of Criminal Procedure 28.04, subdivision 1, subsection 1, and subdivision 2?

II.  Did the district court err in concluding that the phrase to "carry a pistol on or about the person's clothes or person" in Minnesota Statutes section 624.7142, subdivision 1, subsection 4, requires a physical nexus between the person or the person's clothes and the pistol?

## ANALYSIS

**I.  The district court's pretrial dismissal order is appealable.**

█ The state's right to appeal in a criminal case is limited. The state may appeal a dismissal for lack of probable cause if the dismissal is "based on questions of law," Minn. R. Crim. P. 28.04, subd. 1(1), and if "the district court's alleged error, unless reversed, will have a critical impact on the outcome of the trial," *id.*, subds. 1(1), 2(2)(b). We determine that both elements are satisfied here and that the district court's pretrial dismissal order is appealable.

█ The state may appeal as of right from "any pretrial order, including probable cause dismissal orders based on questions of law," whereas pretrial dismissals for lack of probable cause premised solely on factual determinations are not appealable. Minn. R. Crim. P. 28.04, subd. 1(1). "[W]hether the dismissal is based on a legal or a factual determination is a threshold jurisdictional question." *State v. Ciurleo*, 471 N.W.2d 119, 121 (Minn. App. 1991). Here, because the district court's dismissal of the charge was based upon its interpretation of the controlling statute and statutory construction is a question of law, *State v. Kiminski*, 474 N.W.2d 385, 389 (Minn. App. 1991), *review denied* (Minn. Oct. 11, 1991), the appeal is permissible under rule 28.04, subdivision 1(1).

█ The state further satisfies the critical impact test, which requires the prosecuting authority to demonstrate "how the district court's alleged error, unless reversed, will have a critical impact on the outcome of the trial." *State v. Osorio*, 891 N.W.2d 620, 626-27 (Minn. 2017) (quoting Minn. R. Crim. P. 28.04, subd. 2(2)(b)). It is well recognized that "[d]ismissal of a complaint satisfies the critical impact requirement" because it impairs the state's ability to prosecute the charged offenses. *State v. Trei*, 624 N.W.2d 595, 597 (Minn. App. 2001), *review dismissed* (Minn. June 22, 2001). An order dismissing some—but not all—of the criminal charges has a critical impact on the prosecution's case and

the outcome of the trial. *State v. Underdahl*, 767 N.W.2d 677, 684 (Minn. 2009). The critical impact test is also satisfied and we therefore proceed to a review on the merits. *See State v. Lugo*, 887 N.W.2d 476, 481-86 (Minn. 2016) (permitting appellate review on the merits once critical impact is established).

## II. To "carry a pistol on or about the person's clothes or person" requires a physical nexus between the person or the person's clothes and the pistol.

Minnesota Statutes section 624.7142, subdivision 1, subsection 4, provides that "[a] person may not carry a pistol on or about the person's clothes or person in a public place" while under the influence of alcohol. The question presented is whether having a loaded pistol in the center console compartment of a vehicle constitutes "carry[ing] a pistol on or about the person's clothes or person." Answering the question requires us to interpret the statute, and statutory interpretation is a question of law reviewed de novo. *State v. S.A.M.*, 891 N.W.2d 602, 604 (Minn. 2017). "The objective of statutory interpretation is to ascertain and effectuate the Legislature's intent." *State v. Haywood*, 886 N.W.2d 485, 488 (Minn. 2016) (quotation omitted). "If the Legislature's intent is clear from the statute's plain and unambiguous language, then a court interprets the statute according to its plain meaning" without engaging in further construction. *Id.*; Minn. Stat. § 645.16 (2016) (articulating canons of statutory construction).

We agree with the parties that the statute is free from ambiguity. We therefore analyze the statute "primarily on its plain language in an effort to discern and effectuate the legislature's intent." *State v. Shimota*, 875 N.W.2d 363, 366 (Minn. App.

2016), *review denied* (Apr. 27, 2016); *see also Thong v. State*, 892 N.W.2d 842, 846 (Minn. App. 2017) (stating principle that plain language of statute controls when meaning of statute is unambiguous), *review denied* (Minn. May 30, 2017). Section 624.7142 does not define the term "carry." Where a term is undefined in the statute, we can ascertain the meaning by looking at the dictionary definition of the term. *Meleyco P'ship No. 2 v. City of West Saint Paul*, 874 N.W.2d 440, 444 (Minn. App. 2016). "Carry" is defined as "[t]o hold or support while moving; bear," or "[t]o hold or be capable of holding." *The American Heritage Dictionary of the English Language* 285 (5th ed. 2011); *see also Black's Law Dictionary* 257 (10th ed. 2014) (similarly defining the term "carry" as to "convey or transport").

In *State v. Larson*, this court considered the definition of the term "carry" in the context of the same statute. 895 N.W.2d 655 (Minn. App. 2017). *Larson*, relying on standard dictionary definitions, held that a plain reading of the word "carry" includes transporting or conveying a pistol on one's person, even if the pistol is unloaded and in a case. *Id.* at 658. *Larson* held that section 624.7142, subdivision 1, subsection 4, prohibits carrying a pistol in a public place while under the influence of alcohol when the pistol is unloaded and hand-carried in an enclosed and secure gun case. *Id.* at 660.

Neither the dictionary definition nor our decision in *Larson* answers the precise question in this case: whether the term "carry" includes situations in which there is no physical nexus between a person or the person's clothes and the pistol. We answer this question by reading section 624.7142 in conjunction with its companion statute, Minnesota Statutes section 624.714

(2016).[1] *See Transp. Leasing Corp. v. State*, 294 Minn. 134, 137, 199 N.W.2d 817, 819 (1972) ("Distinctions of language in the same context must be presumed intentional and must be applied consistent with that intent.").

Section 624.714 prohibits possession of a firearm without a permit in a public place and provides that:

> A person ... who carries, holds, or possesses a pistol in a motor vehicle ... or on or about the person's clothes or the person, or *otherwise in possession or control* in a public place ... without first having obtained a permit to carry the pistol is guilty of a gross misdemeanor. A person who is convicted a second or subsequent time is guilty of a felony.

*Id.*, subd. 1a (emphasis added). By its plain language, section 624.714 prohibits a person from carrying, holding, or possessing a pistol in a motor vehicle, or on or about the person or the person's clothes, or otherwise possessing or controlling the pistol in a public place. By contrast, section 624.7142 prohibits *only* carrying a pistol on or about the person's clothes or person, and does not include carrying, holding, or possessing a pistol in a vehicle. Moreover, unlike section 624.714, section 624.7142 does not broadly prohibit other "possession or control."[2] Because section 624.7124 uses different language than section 624.714, we must assume that the legislature intended them to apply to different conduct.

■ The plain statutory language of section 624.714 prohibits a much broader range of conduct than section 624.7124. If the legislature intended the prohibition under section 624.7124 to extend to carrying, holding, or possessing a pistol in a motor vehicle or otherwise possessing or controlling the pistol, it could have done so by using the language it selected for section 624.714. It did not. And it is not the prerogative of this court to "add language that is not present in the statute or supply what the legislature purposely omits or inadvertently overlooks." *Kutscheid v. Emerald Square Props., Inc.*, 770 N.W.2d 529, 533 (Minn. App. 2009) (quotations omitted). The plain language of section 624.7142 does not criminalize carrying, holding, or possessing a pistol in a vehicle, nor does it generally prohibit other possession or control. We cannot engraft section 624.714's broad prohibitions into section 624.7124. Arguments urging the expansion of section 624.714 are more properly directed to the

1. In *Larson*, appellant urged the court to define the term "carry" by reading section 624.7142, subdivision 1, subsection 4 (2014), in conjunction with Minnesota Statutes section 624.7181, subdivisions 1(b)(2) and 2 (2014), which prohibits "carry[ing]" a BB gun, rifle, or shotgun in a public place, but expressly exempts "the carrying by a person of a BB gun, rifle, or shotgun that is unloaded and in a gun case expressly made to contain a firearm." 895 N.W.2d at 659. We declined to read the two sections together based upon the plain language of section 624.7181, which was limited to "the purposes of this section." *Id.* (citing Minn. Stat. § 624.7181, subd. 1). Because section 624.714 is not so limited, we review these statutes together. *See Occhino v. Grover*, 640 N.W.2d 357, 359 (Minn. App. 2002) (noting that court may determine a statute's meaning by examining its plain language, "draw[ing] from the full-act context of the statutory provision"), *review denied* (Minn. May 28, 2002).

2. This opinion does not address additional distinctions which could be drawn from a comparison of the statutory language, such as situations in which a pistol is touching a person's clothes, and the clothes are in the trunk of the vehicle. While our decision is limited to the facts of this case, we presume that the legislature does not intend absurd or unreasonable results. Minn. Stat. § 645.17(1) (2016).

legislature.[3] *See State v. Richmond*, 730 N.W.2d 62, 70 (Minn. App. 2007) (cautioning that it is not for the appellate courts to "fix" a statutory scheme by adding or removing language (citing *State v. Anderson*, 280 Minn. 461, 462, 159 N.W.2d 892, 894 (1968) (recognizing that the definition of crimes lies within the exclusive province of the legislature))), *review denied* (Minn. June 19, 2007).

■ Given the plain language of the statute, we conclude that the phrase to "carry a pistol on or about the person's clothes or person" in Minnesota Statutes section 624.7142, subdivision 1, subsection 4, requires a physical nexus between the person or the person's clothes and the pistol. It is undisputed that there was no physical nexus between Prigge's person or clothes and the pistol found in the vehicle's center console. Accordingly, the district court did not err in dismissing the charge for lack of probable cause.[4]

## DECISION

The phrase to "carry a pistol on or about the person's clothes or person" in Minnesota Statutes section 624.7142, subdivision 1, subsection 4, requires a physical nexus between a person or the person's clothes and a pistol. Because there was not a physical nexus between Prigge or his clothes and the pistol, the district court did not err in dismissing the charge under section 624.7142 for lack of probable cause.

**Affirmed.**

3. The state relies on extra-jurisdictional authority to support its argument that the phrase "on or about" in section 624.7142 allows for "wiggle room" and may be construed broadly to include a pistol transported inside a vehicle. *See Winters v. State*, 719 N.E.2d 1279, 1281 (Ind. Ct. App. 1999); *Jefferson v. State*, 194 Md.App. 190, 4 A.3d 17, 31 (2010); *State v. Senn*, 295 Neb. 315, 888 N.W.2d 716, 719 (2016); *Harkness v. State*, 139 S.W.3d 4, 5 (Tex. App. 2004). We are not persuaded because the plain language of the statute forecloses the state's interpretation.

4. Because the district court determined that section 624.7142 was inapplicable to respondent's conduct, it did not consider whether the "public place" requirement was satisfied. *See* Minn. Stat. § 624.7142, subd. 1(4). While the state urges us to address this issue, we decline to do so for the first time on appeal. *See Costilla v. State*, 571 N.W.2d 587, 592 (Minn. App. 1997) (noting that generally a reviewing court only considers issues actually decided below), *review denied* (Minn. Jan. 28, 1998).